**L. E. DAVIS and MYRTLE P. DAVIS, his wife, v. J. P. GEYER.**

9 So. (2nd) 727           Special Division A
September 29, 1942

Sumner & Sumner, for appellants.
Denison & Smith, for appellee.

BUFORD, J.:

Appeal brings for review final decree vacating and setting aside a certain written agreement executed on May 3, 1932, wherein it was agreed:

"No sale of said property is to be made by the party of the first part until the same is approved by the party of the second part."

The record shows that the agreement was made simultaneously with the execution of a deed conveying the property referred to in fee simple and without restrictions.

The record shows that on May 3, 1932 Davis Motor Sales Company, a Florida corporation, owned the involved property and that it was encumbered by two mortgages; a first mortgage in favor of F. S. Younghusband in the sum of $4,000.00, and a second mortgage in favor of J. P. Gayer in the sum of $10,000.00. It further appears that Davis Motor Sales Company was then owned by L. E. Davis and that L. E. Davis simply used the corporation and corporate name for convenience in conducting his business.

When Geyer took deed to the property he procured satisfaction of record of the Younghusband mortgage and satisfied of record the mortgage which he held.

On June 26, 1941, J. P. Geyer exhibited his bill of complaint in the Circuit Court of St. Lucie County and on October 27, 1941 filed his second amended bill in which he sought to cancel that certain agreement of May 3, 1932, wherein it was agreed between J. P. Geyer as party of the first part, and L. E. Davis as party of the second part, in an instrument under seal, as follows:

"That Whereas the party of the first part has this day taken title to the following described property, to-wit: The South 54 feet of Lot 3 of Block 4, in Dittmar's Addition to Edgartown, as recorded in Plat Book 1, page 154, St. Lucie County, Florida, by a Warranty Deed from Davis Motor Sales Company, and

"Whereas, the party of the first part did satisfy a certain second mortgage in the amount of $10,000.00 against the said property in consideration of the said deed, and

"Whereas, the property is subject to a first mortgage in the sum of $4,000.00 to F. S. Younghusband, and

"Whereas, the parties to this Agreement recognize that any amount that the property may sell for over and above the amount of the two mortgages above named, together with interest, taxes and insurance, is the property of the party of the second part, L. E. Davis;

"Now, Therefore, It is hereby agreed that both parties to this agreement will exercise their best efforts to sell the property at a price to be agreed upon by both parties to this agreement and no sale of the said property is to be made by the party of the first part until the same is approved by the party of the second part, and it is agreed that any amount that the said property shall sell for over and above the two named mortgages, together with interest on the same and taxes and insurance, as well as repairs on the property, is to be paid to the party of the second part, it being understood, however, that the income derived from the said property is to be used for the purpose of paying taxes, insurance and interest against the said mortgages. In other words, the party of the second part is to have the benefit of credits of all income derived from the property."

The bill alleged:

"That since the execution of said agreement referred to in paragraph 1 above, the complainant herein has exercised his best efforts to sell the property described in said agreement at a price over and above the amount of the two mortgages referred to in said agreement, together with interests, taxes and insurance, and at a price which would meet the approval of the defendant, L. E. Davis; that the complainant has been unable to sell property at a price over and above the amount of the two mort-

gages referred to in said agreement, together with interest, taxes and insurance, at any time between the date on which said agreement was executed and up until the time of the filing of this bill of complaint, and that the complainant is now unable to sell said property at a price over and above the amount of said two mortgages, together with interest, taxes and insurance; that the complainant has recently entered into an agreement to sell said property for the sum of $4,000.00 cash to a certain party who is ready, able and willing to purchase said property for said sum; that said sum of $4,000.00 cash is a fair and reasonable price to be received for said property at this time and is the reasonable value of said property at this time; that the complainant is willing to sell said property for the price of $4,000.00 cash and that said price of $4,000.00 cash is the best offer which the complainant has received for said property since the execution of the agreement attached to the original bill of complaint and marked 'Exhibit A'; that the complainant is desirous of selling said property for said price of $4,000.00 cash; that the complainant has secured a complete abstract of title covering said property and has delivered same to the prospective purchaser thereof and that the attorneys examining said title for said prospective purchaser have advised the complainant that the prospective purchaser insists upon the execution of a release by the defendants, L. E. Davis and Myrtle P. Davis, his wife, of their interest, if any, in the said property, under and by virtue of the said agreement attached to the original bill of complaint and marked 'Exhibit A'; that the complainant has requested the defendants, L. E. Davis and Myrtle P. Davis, his wife, to execute a

release of any and all interest, claims and/or rights, if any, which they may have in and to said property by virtue of said agreement marked Complainant's 'Exhibit A', but that the said defendants L. E. Davis, and Myrtle P. Davis, his wife, have refused to execute a release of their interest, claims and/or rights, if any, by virtue of said contract, and that said defendants now refuse to execute such a release; that the defendant L. E. Davis, has refused and now refuses to agree to the sale of said property for the sum of $4,000.00 cash."

It is then alleged:

"That on the 3rd day of May, 1932, Davis Motor Sales Company, a corporation, by its duly authorized officers duly executed a warranty deed to the complainant, J. P. Geyer, covering certain property therein particularly described, same being the same and identical property described in said agreement attached to the original bill of complaint as 'Exhibit A'; that said above mentioned warranty deed is attached to the amended bill of complaint and marked 'Exhibit B' and hereby made a part hereof the same as if herein set forth in full; that by and through said warranty deed the said Davis Motor Sales Company conveyed a fee simple title to the property therein described to the complainant J. P. Geyer; that said warranty deed was executed by said Davis Motor Sales Company simultaneously with the execution of said agreement attached to the original bill of complaint as 'Exhibit A'; that the execution of said agreement attached to the original bill of complaint as 'Exhibit A' and said warranty deed attached to the amended bill of complaint as 'Exhibit B' constitute

in fact one and the same transaction and are in fact a part of one and the same transaction; that the said Davis Motor Sales Company, which executed said warranty deed, and the Davis Motor Sales. Company mentioned in said agreement are in fact one and the same company, and that said Davis Motor Sales Company, was prior to the date of the execution of said warranty deed and said agreement and at the time of the execution thereof, owned and controlled by the defendant, L. E. Davis, and that said Davis Motor Sales Company was in fact L. E. Davis doing business through said corporation, and that the said Davis Motor Sales Company was in truth and in fact 'the alter ego of said L. E. Davis; that Davis Motor Sales Company is a dissolved corporation heretofore existing under and by virtue of the laws of the State of Florida, which has been dissolved for failure to pay its capital stock tax, and that the defendant L. E. Davis, L. M. Stroud and Alto Adams, are the last named directors of said Davis Motor Sales Company.

"4. That said agreement attached to the original bill of complaint as 'Exhibit A' contained the following provision, among others, 'No sale of the said property is to be made by the party of the first part until the same is approved by the party of the second part'; that said provision of said agreement is wholly unlimited as to time and as to prospective parties to sell to; that said provision of said contract is invalid for the reason that it is an unlimited restraint upon alienation of the property described in said agreement, and for the further reason that it is repugnant to the grant and estate conveyed to the complainant by and through said warranty deed."

Plaintiff offered to do equity.

After motion to dismiss had been presented and denied defendants answered. The answer, however, amounts to no more than admission of some allegations of the bill of complaint and denial of others.

The proof submitted sustained the allegations of the bill.

Upon final hearing, the learned chancellor entered his final decree holding the agreement supra void in part and as the same adjudged:

"That the portion of that certain agreement dated the 3rd day of May, 1932, executed by the Complainant J. P. Geyer, as party of the first part, and the defendant L. E. Davis, as party of the second part, the original of said agreement being attached to the original bill of complaint herein and marked 'Exhibit A', and a duplicate original thereof having been filed for record and recorded on May 4, 1932, in Deed Book 85 on pages 367-368, Public Records of St. Lucie County, Florida, reading as follows: 'No sale of the said property is to be made by the party of the first part until the same is approved by the party of the second part,' is void and of no effect, and said portion of said agreement is hereby decreed to be void and of no effect and is held for naught, and the clerk of this court is hereby directed to enter upon the margin of the original record of said agreement, recorded in his office as aforesaid, that said portion of said agreement is void, and that said specific portion of said agreement is cancelled of record."

From this decree the appeal is taken.

We think there is only one question requiring our discussion and determination and that, as stated by the appellee, is:

"When parties convey certain property by a warranty deed in fee simple and simultaneously therewith execute an agreement covering the same property, which agreement contains a provision reading as follows: 'No sale of the said property is to be made by the party of the first part until the same is approved by the party of the second part,' is such provision invalid for the reason that it is an unlimited restraint upon alienation of the property involved and for the further reason that it is repugnant to the grant and estate conveyed by and through said warranty deed?"

It appears that this question has been settled in this jurisdiction since the rendition of the opinion and judgment in Robinson, et al., v. Randolph, et al., 21 Fla. 629, 58 Am. Rep. 692, wherein it was held:

"It is settled that if a grant or devise to a male person of an absolute estate, legal or equitable in fee for life, be made, and there is annexed to it a condition that the grantee or devisee shall not have power to alien it at all, the condition is void, and the estate, in fee or for life, as it may be, will rest absolutely in the grantee or devisee. The power of alienation being necessarily and inseparably incidental to such an estate, it is held that to deny it is an attempt to create a new estate, not known to the law."

See also Thompson on Real Property, Vol. 4, paragraph 2078 (2009), as follows:

"Right or Alienation an indispensable incident to an estate in fee.—The right of alienation has been an inseparable incident to an estate in fee ever since the statute quo emptores. After an absolute conveyance in fee simple, a clause providing that the grantee shall not mortgage or dispose of the property is repugnant

and void or that he shall not offer to mortgage or suffer a fine or recovery. So is a clause prohibiting the grantee from conveying without the consent of the grantor. A condition to alien only to a particular person or persons is void, or that land devised to a number of persons shall not be divided or sold during the lifetime of the grantee."

See also Thompson on Real Property, Vol. 7, paragraph 3574 (3367); Hill v. Gray, 160 Ala. 273, 49 Sou. 676; Gamble, et al., v. Gamble, 200 Ala. 176, 75 Sou. 924; Murry v. Green, 64 Cal. 363, 28 Pac. 118.

The record disclosing no reversible error, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and CHAPMAN, JJ., concur.