128 So.2d 889 (1961)
Leo A. BLAIR and Joan M. Blair, his wife, Appellants,
v.
George H. KINGSLEY, as Trustee, and George H. Kingsley, as an individual, a single man, Appellees.
No. 2098.
District Court of Appeal of Florida. Second District.
April 21, 1961.
John W. Spinner of Gringle, Spinner & Adams, Delray Beach, for appellants.
Neil MacMillan of MacMillan & Newett, Delray Beach, for appellees.
SHANNON, Judge.
The appellants, plaintiffs below, appeal from a final decree which held valid a restrictive covenant in a deed of conveyance from the defendant to the plaintiffs.
It appears from the record that the plaintiffs were land owners in a group of subdivisions developed by the defendant, and this suit tests the validity of the aforementioned restrictive covenant contained in the deeds. The complaint sets out the covenant as follows:
"Subject to restrictions, reservations and easements of record, and further subject to the following covenant, which shall run with the land;
"Grantees herein, by acceptance of this deed, and in consideration of the sale and conveyance of the herein described property, hereby agree and covenant with the grantor herein, his *890 heirs or assigns, that in the event grantees, their heirs or assigns, shall offer for sale the above described property within a period of 12 years from date, that said grantor, his heirs, assigns or nominee, shall have the first right of refusal to purchase said property and shall have a period of one year in which to elect to purchase same. The purchase price shall be the fair market value, which shall be determined by the owner of the above described property appointing one appraiser, the grantor herein appointing one appraiser and the two appraisers appointing a third, and the determination of any two of the three appraisers shall fix a fair value.
"Provided, however, that the restriction pertaining to the sale of the property herein contained shall not affect the rights of any mortgagee, and the grantees agree that in event of default in the said mortgage, and before foreclosure thereof, the grantees shall give to the grantor, his heirs, executors or assigns, the right for a period of three months, to take over said mortgage for the amount due thereon."
The plaintiffs contend that the covenant is an unreasonable restraint on alienation and give three reasons therefor: 1) that the appraisers' valuation will not reflect those subjective factors which influence prospective purchasers; 2) that the one year allowed to the defendant for the exercise of this covenant would require, according to plaintiffs, a very patient purchaser; 3) that a flexible real estate market could easily change values during the same one year period.
The defendant sought to justify the covenant in his testimony below by showing that numerous of his grantees were in favor of it, and by showing that the plaintiffs had notice of it at the time of purchase. He further testified that he would not have completed the sale of the lands to the plaintiffs without this covenant; but, that, to date, he had waived his rights every time a grantee sought to sell.
The chancellor, upon complaint, answer and argument of counsel, together with the defendant's testimony, held in part:
"It is the finding of the Court that the agreement contained in the deed is a good faith option extended for consideration to Defendant to purchase the property within a period of twelve (12) years from the date of the deed * * * The option agreement is a lawful restraint upon the alienation of real property, enforceable on an estate in fee. * * *"
The appellants contend that the chancellor incorrectly characterized the agreement as an option, when, as they maintain, it is a pre-emption. Further, they argue that the chancellor failed to give any reason for so ruling. The appellants' brief sets forth the various attributes of a pre-emption.
In 7 Thompson on Real Property, § 3568, it is stated:
"Restrictions on the free and untrammeled use and enjoyment of property are not favored by the law; but they will be upheld and given effect in accordance with the parties' intention as clearly shown by the language of the instrument or determined from the language considered in connection with the apparent object of the parties as determined from the surrounding circumstances. * * *"
Clearly, without technical language, a covenant in a deed, or agreement made contemporaneously with a deed so as to show consideration for an option to reconvey the land, is valid if none of the elements serve to invalidate it. In 7 Thompson on Real Property, § 3573, the rule is laid down as follows:
"It is competent for the grantee to covenant to reconvey the land for a *891 specified sum within a period named; but a covenant by the grantee of land that the grantor `shall at any time have the right of pre-emption of the premises conveyed,' at a price named, does not entitle the grantor to a reconveyance at any time on tendering that sum, but merely gives him the right to buy it in preference to any one else, whenever the grantee is willing to sell at that price. Where a deed purporting to convey a fee, contained a restriction against making any conveyance to others without first giving the grantor the privilege of purchasing, the instrument was held void on the ground that it was an illegal restraint upon alienation."
And again in § 3574, Thompson states:
"General restrictions against any and all alienation of an estate in fee as distinguished from its use are generally held void as against public policy, but restrictions against alienation for a reasonable limited period will generally be upheld, * * *"
We are favored by the citation of numerous cases and annotations, including several Florida cases. From our study of both the research books and the decisions, we are convinced that the instant covenant is valid and should be upheld, whether it be called a pre-emption, as appellants urge it should, or an option to repurchase. The courts, in dealing with covenants such as the one involved here, usually refer to them as options. See 44 A.L.R.2d 342.
In Rosenthal v. Le May, Fla. 1954, 72 So.2d 289, 292, 44 A.L.R.2d 336, a case in principle somewhat like the present case, Justice Drew in writing for the court said, among other things:
"We now turn to the question of whether plaintiffs properly exercised the option agreement.
"Among other things this instrument provided that the plaintiff husband optionee had a right to reacquire the subject property but `only by delivering to the party of the first part (defendant husband) at 5105 Florida Avenue, Tampa, Florida, the sum of $29,800.00, in cash on April 1, 1952.' It is not disputed that the optionee made a proper tender on the stated date. Defendants contend only that performance of the option was excused and in support thereof they rely upon the paragraph four of the option. They assert that plaintiffs did in fact prior to April 1, 1952, mortgage the subject property and therefore by such action the optionee did `alienate' the property contrary to the provision of said paragraph four, thereby relieving defendant optionee of the duty of performance.
"We do not find merit in this contention. * * *"
Keeping in mind the fact that the covenant in the deed in the Rosenthal case provided that this particular covenant covered a period of two years, the court held that the plaintiff was entitled to performance, when it stated:
"* * * If the parties had intended otherwise, they could readily have so stated in the instrument itself. This is particularly true when we consider the effect of agreeing to defendants' contention would be a forfeiture of this valuable property. For these reasons the second contention of defendants must fail. The plaintiff husband, having deposited $29,800 with the court, is entitled to performance of the option and reconveyance of the legal title. * * *"
In the instant case, the covenant hereinbefore quoted reflects the intentions of the parties. Furthermore, we cannot say that it amounts to an unreasonable or unlimited restraint upon the alienation of the property. Cf., Davis v. Geyer, 1942, 151 Fla. 362, 9 So.2d 727.
*892 The chancellor ruled that the covenant is lawful and binding upon the parties. We think the ruling is correct.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.