243 So.2d 198 (1971)
Hendrik W. VIETOR, Appellant,
v.
Margaret A. SILL and George M. Grandall, Inc., a Florida Corporation, Appellees.
No. 70-290.
District Court of Appeal of Florida, Fourth District.
January 27, 1971.
G.H. Martin of Martin & Hennekam, Fort Lauderdale, for appellant.
No appearance for appellees.
DOWNEY, JAMES, C., Associate Judge.
This is an appeal from an order of the trial court dismissing with prejudice plaintiff's first amended complaint, and from an order on rehearing modifying said order of dismissal.
Appellees have not favored this court with a brief in support of the decision below.
Appellant, as plaintiff below, filed his complaint for injunction and specific performance to require defendant, Sill, to convey to him Apartment No. 5 of Lakeview Apartments in the City of Fort Lauderdale. It is alleged in the complaint that in 1945 an agreement was executed by all of the apartment owners of the Lakeview Apartments, wherein they agreed, inter alia, that in the event one of them desired to sell his apartment, he would give the remaining owners first refusal.
Defendant Sill was not of the original apartment owners, but when she bought her apartment in 1950, she and her deceased husband signed an agreement with all the other apartment owners acknowledging the requirements of the 1945 agreement and consenting to be bound thereby. Plaintiff also consented to be bound by said agreement at the time he purchased his apartment.
The complaint further alleges that in 1968 defendant Sill employed defendant, George M. Crandall, Inc., a real estate brokerage firm, to effect a sale of her apartment on certain terms and conditions. The *199 broker having obtained a prospective purchaser on the authorized terms and conditions, together with a deposit receipt contract signed by him, notified all of the apartment owners in writing on November 28, 1968 of the proposed sale, with a copy of the deposit receipt contract attached. Upon receipt of said notice, on December 6, 1968, plaintiff's attorney advised the broker in writing that plaintiff agreed to buy the apartment on the terms and conditions set forth and enclosed a check for the deposit, but defendant Sill refused to sell to plaintiff.
The trial court sustained a motion to dismiss the first amended complaint on the ground that a binding contract to sell must be entered into by an apartment seller and a prospective purchaser before another apartment owner may exercise his preemptive right to buy the apartment. Thus, the provisions of the contract would seem to control the decision here.
Paragraph 9(c) of the contract in question paraphrased says:
Should any of the parties hereto ever desire to sell or dispose of his interest, written notice of such intention shall be given to the other owners, notifying them of the price, terms and conditions of such proposed sale, and of the time within which it is to be consummated. The remaining owners, or any of them, may within such time, agree to purchase the interest so proposed to be sold, and in such event the owner of such interest shall be obligated, upon a tender of performance by the parties so agreeing, to convey all of his interest in the premises to the party who has so tendered performance.
There is no requirement of a binding contract between the apartment seller and a third party to activate the other apartment owners' preemptive rights under the agreement. When the defendant notified the other owners of her "intention" to sell and the terms and conditions demanded, the other apartment owners then became entitled to buy on those terms. And when one of them agreed to the stated terms and conditions and tendered performance, the defendant became obligated to sell.
The first amended complaint clearly states a cause of action under said contract and it was error to grant the motion to dismiss.
Reversed.
WALDEN and REED, JJ., concur.