PER CURIAM.
The primary law of this case was established via interlocutory appeal in our opinion reported as Vietor v. Sill, Fla.App.1971, 243 So.2d 198, when it was stated at page 199:
“There is no requirement of a binding contract between the apartment seller *174 and a third party to activate the other apartment owners’ preemptive rights under the agreement. When the defendant notified the other owners of her 'intention’ to sell and the terms and conditions demanded, the other apartment owners then became entitled to buy on those terms. And when one of them agreed to the stated terms and conditions and tendered performance, the defendant became obligated to sell.”
An examination of the record and particularly the terms of the appealed final judgment reveals that the able trial judge misapprehended the effect of this holding and thereafter imposed a larger and different burden upon plaintiff. All circumstances considered, it is our opinion that the judgment must be reversed and the cause remanded with respectful instructions to enter judgment in favor of the plaintiff as prayed.
Reversed and remanded, with instructions.
WALDEN, OWEN, and MAGER, JJ„ concur.