285 So.2d 63 (1973)
HOLIDAY OUT IN AMERICA AT ST. LUCIE, INC., Appellant,
v.
Earl E. BOWES and Ruth M. Bowes, His Wife, Appellees.
No. 72-901.
District Court of Appeal of Florida, Fourth District.
November 16, 1973.
*64 Richard V. Neill, of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellant.
Emory C. Teel III, and Otis R. Parker Jr. of Fee, Parker & Fee, Fort Pierce, for appellees.
OWEN, Chief Judge.
The owners of two condominium units in a travel trailer resort condominium sought and obtained a declaratory judgment holding void a provision of the declaration of condominium which granted the developer the exclusive right of rental of the units. The judgment also determined since the developer was not registered and licensed as a real estate broker under Chapter 475, F.S., it did not have the right to rent the plaintiffs' units to others nor to collect a commission for such services. The developer appeals.
One need only travel the highways of this state to note the boom in the development of travel trailer sites. It is not unexpected that the condominum concept of ownership has been adapted to this business. In the instant case the declaration of condominium provided for 600 condominium units, each consisting of a concrete pad for a camper type trailer and a patio, with sewer and electrical facilities available and with each unit owner owning an undivided 1/600th interest in the common elements and limited common elements such as the utilities, bath houses, recreational facilities, service facilities, beaches, parks, parking areas and the like. A part of the program for promoting the sale of the units was a plan whereby the developer would rent the units to the general public when the same were not occupied by the owner and would remit a portion of the rental to the owner, thereby helping to pay for the condominium unit. In this connection, Article XI of the declaration of condominium provided in part as follows:
"No restrictions are placed herein, as far as renting or selling any condominium unit, provided, however, that all rentals thereof shall exclusively be undertaken by the developer, and for and in consideration of a schedule or schedules to be promulgated from time to time by the developer. The developer has undertaken an advertising program to promote the rental of the said units both from itself, insofar as it relates to those units still owned by the developer, and units sold and in private ownership."
In 1968, the plaintiffs purchased Unit K-30, at which time they received a copy of the declaration of condominium. They subsequently purchased the adjacent unit, K-31, aware of the rental arrangement. Thereafter, the plaintiffs occupied K-31 and permitted the condominium developer to rent K-30 to others. Over a period of approximately 2 years, this unit was rented on some 36 occasions, most of which were for periods of 1 to 3 days. The developer retained 50% of the gross rentals and remitted the remainder to the plaintiffs. Becoming disenchanted, plaintiffs initiated this suit seeking to have the rental provision of the declaration of condominium declared void as being in violation of the rule against illegal restraints on alienation. This was, in fact, the basis upon which the court declared this provision to be void.
An unlimited restraint on alienation is void. Robinson v. Randolph, 1885, 21 Fla. 629; Davis v. Geyer, 1942, 151 Fla. 362, 9 So.2d 727. But in this case there is no restraint on alienation. The plaintiffs are free to convey the fee title to the property at anytime and to anyone in exactly the same state as they acquired it. The fact that the property may be less desirable (and hence less valuable) than would be the case if not subject to the rental restrictions (a supposition which the trial court made but which is not supported by any evidence) simply does not constitute a restraint on alienation.
F.S. Section 711.08(2), F.S.A. expressly recognizes that the declaration of condominium may contain provisions relating to use restrictions and limitations upon conveyance as are permitted by law with *65 reference to real property. The very nature of the condominium concept of ownership requires a degree of control in the management to oversee use of the common elements and limited common elements, and particularly to determine that the persons then on the premises and using such are duly entitled to do so. There was no issue made in this case that the percentage retained by the developer for its services was unreasonable, and the provision was not unlimited in time because it could be terminated at any time by a vote of three-fourths of the condominium owners. Article XI of the Declaration did not violate F.S. Section 711.08, F.S.A.
The court also held that the developer, not being registered as a real estate broker under Chapter 475, F.S., would have no right to a commission, citing Bradley v. Banks, Fla.App. 1972, 260 So.2d 256. This is correct. In spite of the fact that F.S. Section 475.131, F.S.A. exempts from the licensing provision of the Chapter the activities of the manager of a condominium in relation to the renting of individual units within the condominium when acting on behalf of an owner who has an interest in no more than one unit and when the rental arrangement is for a period no greater than one year, the developer could not come within the F.S. Section 475.131, F.S.A. exception in this case because the plaintiffs owned two units.
Appellant argues that the services it renders in renting the lots to transients ought to be viewed as being more in the nature of the services performed by hotel and motel clerks who are exempt from the real estate licensing law by virtue of F.S. Section 509.241(5), F.S.A. The analogy is not without some persuasiveness, but the courts are not free to graft exceptions onto the rather plain language of F.S. Section 475.01, F.S.A. Florida Real Estate Commission v. McGregor, Fla. 1972, 268 So.2d 529.
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
WALDEN, J., concurs.
MAGER, J., dissents with opinion.
MAGER, Judge (dissenting):
In my opinion a provision that "all rentals thereof shall exclusively be undertaken by the developer" constitutes the imposition of an undue restriction on the use of property. It is as much a "restraint on alienation" as the imposition of a condition "that all sales thereof shall exclusively be undertaken by the developer". 61 Am.Jur., Perpetuities, §§ 93, 97.
As the majority points out, an unlimited restraint on alienation is void; it would seem, with equal force, that an unlimited restraint on use should also be void, particularly where an estate in fee simple is concerned.
The fact that the property in question was purchased under the condominium concept of ownership does not alter the repugnancy of the restriction  for we are here dealing with a restraint imposed by the grantor-developer upon the grantee-purchaser. We are not concerned with the use restrictions and limitations imposed upon the individual condominium unit owner as between such owner and the other condominium unit owners or the condominium association. Unquestionably, condominium ownership creates a myriad of restrictions and limitations upon "conveyance, sale, leasing, purchase, ownership and occupancy of units" insofar as the individual condominium unit owner and all other condominium unit owners making up the condominium property are concerned. Whether a declaration of condominium can require that the condominium association be the exclusive rental agent for each of the condominium units is not at issue; but *66 it would certainly appear to be both repugnant to a declaration of condominium and to the general principles of law pertaining to ownership of property for the grantor-developer to retain such a degree of control over the use of the property after fee simple title has been conveyed.
The individual condominium unit owner should be permitted to freely alienate or use his condominium property subject to the reasonable limitations imposed by condominium ownership and as otherwise allowable by law.
I would affirm the final judgment in all respects.