PER CURIAM.
On the occasion of the third appearance of this case no useful purpose will be served by any further recitation of the facts. Suffice it to say that the trial court has apparently failed to fully appreciate the import of our prior decisions.[1] Upon examination of the record in this case and consideration of the briefs and oral argument we are of the opinion that the trial court erred in not granting plaintiff specific performance and in failing to consider the award of damages. In order to further implement our prior decisions and based upon the facts in the record we are of the opinion that the purported conveyance by defendant Sill to defendant Joyce was null and void and is hereby set aside. Krantz v. Donner, Fla.App. 1973, 285 So.2d 699. The defendant Sill is directed to convey the property in question to the plaintiff in accordance with his prayer for relief and the cause is remanded for further proceedings on the issue of damages in accordance with the theory of plaintiff’s case. Sea Ledge Properties, Inc. v. Dodge, Fla.App. 1973, 283 So.2d 55.[2] In all other respects to the extent not inconsistent herewith the final judgment is affirmed.[3]
Affirmed, in part; reversed, in part.
OWEN, C. J., and CROSS and MA-GER, JJ., cor.cur.

. Vietor v. Sill, Fla.App.1973, 272 So.2d 173; Victor v. Sill, Fla.App.1971, 243 So.2d 198.

. In ascertaining the amount of any damages, computations shall begin on the date notice was received of plaintiff’s agreement to buy the subject property, December 6, 1968 through the date plaintiff received possession of the subject i>roperty. In addition, the defendant Sill shall be entitled to interest on the purchase price accruing from December 6, 1968 through and including the date on which plaintiff deposited the purchase money into the registry of the court.

.In particular, the claim for attorney’s fees is disallowed.