**Arthur J. CHIANESE and Rose A. CHIANESE, his wife, Plaintiffs,**

**v.**

**Alice R. CULLEY, et al., Defendants.**

**No. WPB–73–764–Civ–CF.**

United States District Court,
S. D. Florida.

July 25, 1975.

Shalle Stephen Fine, Miami, Fla., for plaintiffs.

John D. Wessel, Boca Raton, Fla., Rentz, McClellan & Haggard, P. A., Miami, Fla., for defendants.

## ORDER

FULTON, Chief Judge,

The plaintiffs in this lawsuit allege in a two count complaint that Article XII F of the Declaration of Condominium of the defendant San Remo, Inc. constitutes an illegal restraint on alienation of property, and that the defendants have discriminated against them on the basis of their religion or national origin. The parties to this cause have stipulated that the issue raised in count one, being a purely legal issue, may be resolved by the Court based on memoranda of law submitted by each side. These memoranda have now been received, and the issue to be resolved by the Court in this Order is whether Article XII F of the Declaration of Condominium of San Remo, Inc. (hereinafter, Article XII F) constitutes an illegal restraint on alienation of property. Neither count two of the complaint, which alleges that the defendants have discriminated against the plaintiffs on the basis of their religion or national origin, nor the counterclaim or crossclaim, is before the Court at this time.

The facts of this case are not complicated. The defendants Culley are husband and wife and were the owners of apartment number 548, Villa Raphael in the San Remo Condominium. The plaintiffs contracted to purchase this condominium unit from the defendants Culley, but said defendants refused to close the transaction because San Remo, Inc. and its directors asserted its rights under Article XII F of the Declaration of Condominium, and provided an alternate purchaser for the unit in question. At that point, the plaintiffs filed this lawsuit, alleging that Article XII F constituted an illegal restraint against alienation of property and that the defendants were discriminating against the plaintiffs on the basis of their religion or national origin. After this lawsuit was filed, the defendants Culley issued a warranty deed to the plaintiffs Chianese, but the defendants San Remo continue to refuse to recognize the consummation of the transaction between the Culleys and the Chianeses. The issue before the Court at this point is thus whether Article XII F of the San Remo Declaration of Condominium constitutes an illegal restraint on alienation of property.

Article XII F provides in pertinent part as follows:

F. Conveyances—In order to secure a community of congenial residents and thus protect the value of the apartments, the sale, leasing and mortgaging of apartments by any owner other than the Developer shall be subject to the following provisions so long as the apartment building in useful condition exists upon the land:

1. Sale or lease—No apartment owner may dispose of an apartment or any interest therein by sale or by lease without approval of the Association, except to another apartment owner. If the purchaser or lessee is a corporation that approval may be conditioned upon the approval of those individuals who will be occupants of the apartment. The approval of the Association shall be obtained as follows:

(a) Notice to Association. An apartment owner intending to make a bona fide sale or a bona fide lease of his apartment or any interest therein shall give notice to the Association of such intention, together with the name and address of the proposed purchaser or lessee, together with such other information as the Association may require.

(b) Election of Association. Within sixty (60) days after receipt of such notice, the Association must approve the transaction or furnish a purchaser or lessee approved by the Association who will accept terms as favorable to the seller as the terms stated in the notice. Such purchaser or lessee furnished by the Association may have not less than sixty (60) days subsequent to the date of approval within which to close the transaction. The approval of the Association shall be in recordable form and delivered to the purchaser or lessee.

\*　　\*　　\*　　\*　　\*　　\*

■■■ The general rule is that the right to convey property is one of the incidents of ownership, and the law will not permit the rights of ownership to be fettered by the imposition of restraints by grantors who both seek to convey their properties and at the same time maintain control over them. 61 Am. Jur.2d *Perpetuities and Restraints on Alienation* § 93. This right to convey hearkens back to the Statute of Quia Emptores in the year 1290, and the right to alienate one's property has been accepted as an incident of an estate in fee simple ever since. Thus, if Article XII F is found to constitute an absolute restraint against alienation of property, that article is void. *Davis v. Geyer,* 151 Fla. 362, 9 So.2d 727 (1942); *Holiday Out in America at St. Lucie, Inc. v. Bowes,* 285 So.2d 63 (Fla.App.4th Dist. 1973).

*Florida Statutes* Chapter 711.04(1) provides that "A condominium parcel is a

separate parcel of real property, the ownership of which may be in fee simple, or any other estate in real property recognized by law." The complaint alleges, and the defendants have not contested, that the condominium parcel in question was owned by the Culleys in fee simple.

The plaintiffs cite *Davis v. Geyer*, 151 Fla. 362, 9 So.2d 727 (1942) as being dispositive of the issue at bar. That case held that a provision in an agreement to convey property reading "No sale of the said property is to be made by the party of the first part until the same is approved by the party of the second part" was invalid since it constituted an unlimited restraint on alienation of property.

Article XII F provides that the condominium association upon notice must, within sixty days, either approve the proposed purchaser or furnish another purchaser who will accept terms equally favorable to the seller. This provision is distinguishable from that in *Davis v. Geyer*. That case involved an absolute restriction against sale without the permission of the second party: should that party withhold permission, for whatever reason, the property could never be sold. Article XII F does not contain such an absolute restriction. By its terms, within sixty days, the association must either provide another purchaser or approve the proposed purchaser. Thus, at the close of the sixty day period, the property can be sold, whether to the seller's purchaser or to one provided by the association. Article XII F is thus not an absolute restraint, such as was found in the *Davis v. Geyer* case, but rather grants instead a "pre-emptive option" or "right of first refusal" to the condominium association.

■ The Restatement of Property, Vol. 4 § 413(1) takes the position that a provision that the owner shall not sell his property without giving a designated person the opportunity to meet any offer received does not constitute an invalid restraint on alienation, provided that such provision does not violate the rule against perpetuities. Plaintiffs in their memo stipulate that the rule against perpetuities is not applicable to condominiums under *Florida Statute* 711.08(2). The Florida courts have followed the Restatement position, and have upheld provisions similar to that contained in Article XII F. For example, it has been held that a provision that in the event certain property was offered for sale within a twelve-year period, then the grantor must have the right of first refusal to purchase the property within a one year period, does not constitute an unreasonable or unlimited restraint on alienation. *Blair v. Kingsley*, 128 So.2d 889 (Fla.App. 2d Dist. 1961). Similarly, the Courts have held valid a contract between apartment owners that required an owner wishing to sell his apartment to offer the remaining apartment owners the right of first refusal at the same price offered by a third party. *Vietor v. Sill*, 243 So. 2d 198 (Fla.App. 4th Dist. 1971), after remand, Fla.App., 272 So.2d 173, after remand Fla.App., 306 So.2d 564. Numerous other jurisdictions likewise follow the Restatement position. 40 A.L. R.3d 920 *Pre-Emptive Rights to Realty as Violations of Rule Against Perpetuities or Rule Concerning Restraints on Alienation* § 8(b). Clearly, under the Florida cases cited above, Article XII F constitutes a valid pre-emptive right or right of first refusal granted to the condominium association, and does not constitute an illegal restraint against alienation.

■■ While covenants which restrict the use of land are not favored, they will be enforced if they are confined to lawful purposes, are within reasonable bounds, and are expressed in clear language. *Zoda v. Zoda*, 292 So.2d 412 (Fla.App. 2d Dist. 1974). Article XII F complies with these requirements. The stated purpose of Section XII F is to insure "a community of congenial residents." "The very nature of the condominium concept of ownership requires a

degree of control in the management" thereof. *Holiday Out in America at St. Lucie, Inc. v. Bowes*, 285 So.2d 63 (Fla. App. 4th Dist. 1973). Chapter 711.-08(1)(*l*) of the *Florida Statutes* states that the declaration of condominium shall provide for "such other provisions not inconsistent with this law as may be desired, including but not limited to those relating to . . . use restrictions, limitation upon conveyance, sale, leasing, purchase, ownership and occupancy of units . . . ." Chapter 711.08(1)(*l*) thus clearly provides for and anticipates limitations on the sale of condominium units, providing that such restrictions are valid under the law. This Court has previously held herein that Article XII F does not constitute an illegal restraint against alienation, but is instead a valid and enforceable pre-emptive right granted to the condominium association. Likewise, the provision under Article XII F that the association must, upon notice, either approve the seller's purchaser or provide another purchaser for the same price is reasonable. As noted previously, similar provisions have been upheld in Florida courts. *Victor v. Sill, supra; Blair v. Kingsley, supra.* The plaintiffs have not challenged the clarity of Section XII F; indeed the section is expressed in clear, unmistakable terms. Article XII F thus complies with the requirements set forth in *Zoda v. Zoda, supra,* since it is confined to a lawful purpose, is within reasonable bounds, and is expressed in clear language. Article XII F could therefore be validly enforced by the defendant San Remo.

Pursuant to the foregoing discussion, the Court finds that Article XII F of the San Remo declaration of condominium does not constitute an illegal restraint on the alienation of property, but that Article XII F grants instead a valid and enforceable right of first refusal to the condominium association. Accordingly, the Court finds in favor of the defendants as to the issue raised in Count One of the complaint.