WALDEN, Chief Judge
(dissenting as to plenary appeal No. 75-724; concurring as to interlocutory appeal No. 75-800):
Addressing the plenary appeal[1] brought by plaintiffs, money damages were sought for breach of a written contract. The contract gave plaintiffs a first right of refusal to purchase certain land. Indisputably, defendants did not accord such right to plaintiffs. Regardless, judgment was entered in the trial court for defendants on the critical basis “ * * * that plaintiffs are estopped to assert their claim for damages under the contract sued upon. The property upon which plaintiffs claim an option has been sold twice by defendants without objection from plaintiffs.” (Emphasis supplied.) I would reverse and remand with instructions to enter judgment for plaintiffs and award them such dam *319 ages as the evidence shows them to be entitled.
In broad outline, defendants owned 340 acres of land, including a unique parcel consisting of 5.144 acres. For consideration, defendants gave plaintiffs a written first right of refusal to purchase the S.144 acres at the identical price and upon the same terms and conditions as might be offered by a third party purchaser.
Thereafter, there were two conveyances of the major parcel. First, an undivided one-half interest in the 340 acres was conveyed to Mr. Susik in consideration of Su-sik’s promise to help develop the tract, a promise that was not kept. Second, the 340 acres were conveyed to Mr. Muroff for the sum of $2,500,000. Plaintiffs had knowledge of these conveyances and made no objection.
Defendants never gave nor attempted to give or otherwise recognized their obligation to give the plaintiffs their first right of refusal as concerns the 5.144 acre parcel as was contracted. More specifically, there was never a segregation or breakdown as to this parcel so as to assign it a specific purchase price with specific terms. In other words, the price and terms with reference to the two sales were always as to the bulk parcel of 340 acres.
Plaintiffs, being aggrieved by these events, brought the instant suit.
Ignoring the formalities of the appellate points presented, the dispositive issue is whether, as a matter of fact and law, the first right of refusal here involved ripened into an option. If it became an option, then the trial court was correct and the judgment should be affirmed. If it remained a first right of refusal then the judgment must be reversed. If it was an option, then the burden would be on plaintiffs to take affirmative action to exercise it in due season. If it was a first right of refusal then the burden would be on defendants to convey the terms of the third party offer to plaintiffs as to the 5.144 acre parcel, so that they might accept or refuse as they might decide.
The distinction between these two kinds of contract is a very real and important one. It is recognized in Thompson on Real Property, Vol. 8A (1963 Replacement) § 4441, p. 246:
“An option should be distinguished from a ‘first call’. One who has an option has a right to buy the property while one who has a ‘first call’ merely has the privilege of first refusal if the owner desires to sell.”
See also Corbin on Contracts, Vol. 1A (1963 Edition) § 261. In the case of a first right of refusal it is the duty of the landowner to make a specific tender of a specific offer of a prospective third party purchaser to the person owning the first right of refusal, Blair v. Kingsley, 128 So. 2d 889 (2d DCA Fla.1961); and a landowner can not avoid, evade or destroy his obligation under a first right of refusal by selling a larger tract which includes the land contracted under the first right of refusal (as was done here). Guaclides v. Kruse, 67 N.J.Super. 348, 170 A.2d 488 (1961). See also Annot., 170 A.L.R. 1068 (1947).
And now we come to the point where I feel the trial court erred. A first right of refusal may ripen into an option when the landowner conveys to the person owning the first right of refusal the terms of an offer made by a third party purchaser. Then the transaction takes on the coloring of an option and the burden of accepting or rejecting the terms of the third party offer shifts to the person owning the first right of refusal. Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (3rd DCA Fla. 1970). Since the trial court denominated the transaction as an “option,” I would hazard that the trial court reasoned that, when plaintiffs learned of the sales to Susik and Muroff, the contract changed from a first right of refusal into an option which would require plaintiffs to accept or reject. But this rationale is fallacious in my judgment because plaintiffs *320 never contracted nor had any interest in the bulk 340 acres. Because they were never given, directly or indirectly, the price and terms of the 5.144 acre parcel, I feel that the contract strictly remained that of a first right of refusal — not an option. Thus, plaintiffs had no duty to do anything upon learning of the Susik-Muroff sales because they involved 340 acres — not 5.144.
As to estoppel, it is my opinion that such did not arise merely because plaintiffs learned of the two sales. This opinion is based upon the principles announced in Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514 (2d DCA Fla.1967):
“The rule is well stated in 31 C.J.S. Estoppel § 87, beginning on page 485:
‘Mere silence of itself will not raise an estoppel. To make the silence of a party operate as an estoppel the circumstances must have been such as to render it his duty to speak, and there must also have been an opportunity to speak.
‘It is essential that the one claimed to be estopped should have had knowledge of the facts, and that the adverse party should have been ignorant of the truth, and have been misled into doing that which he would not have done but for such silence. Silence will not support an estoppel unless the person claiming an estoppel justifiably relied on the silence to his prejudice, and such conduct in reliance must be intended or reasonably anticipated by the one who remained silent.
‘One cannot claim an estoppel based on silence where he had actual knowl edge of the facts or the means of acquiring knowledge. One may not fail to avail himself of readily accessible sources of information and rely on the silence of another who has been guilty of no act calculated to induce the party claiming ignorance to refrain from investigating.’ (Emphasis supplied).”
See also Thomas v. Dickinson, 158 Fla. 819, 30 So.2d 382 (1947).
I am at a loss to understand how the character of the agreement changed — how the burden of accepting or rejecting the sale fell upon plaintiffs — how they are deemed estopped from claiming breach or damages when the defendants clearly breached their contract and when the only terms of a prospective sale to a third party involved 340 acres — not 5.144 acres as plaintiffs contracted. Just what were they supposed to do? Purchase 340 acres? Inveigh to defendants about the fact that defendants were breaching their contract? It will be a new day in contract law if a plaintiff is estopped from complaint because he learns that defendant is about to breach his contract and fails to fuss about it or warn defendant not to breach. Defendants legally knew what they were supposed to do and simply didn’t do it. I think they should answer in damages.
For these reasons I respectfully dissent as to the majority decision to affirm on the merits as to the plenary appeal, No. 75-724. I would reverse and remand with instructions to enter judgment for plaintiffs and award damages according to the proofs.
As to the interlocutory appeal, No. 75-800, I would affirm.

. There are several party plaintiffs and several party defendants. Sinee it will be neither necessary nor helpful as concerns this opinion to delineate the individual interests of such parties, they will be simply referred to in gross as either plaintiffs or defendants.