**BREEZY POINT HOLIDAY HARBOR LODGE—BEACHSIDE APARTMENT OWNERS' ASSOCIATION, Respondent,**

v.

**B.P. PARTNERSHIP, a Minnesota Partnership, et al., Appellants.**

No. C5-94-2479.

Court of Appeals of Minnesota.

May 30, 1995.

Stanley Efron, Cheryl Hood Langel, Henson & Efron, P.A., Minneapolis, for respondent.

Timothy Moynihan, Phillip R. Krass, Joel Abrahamson, Krass, Monroe, Moxness & Gibson Chartered, Bloomington, for appellants.

Considered and decided by KLAPHAKE, P.J., RANDALL, and MULALLY,* JJ.

## OPINION

KLAPHAKE, Judge.

Respondent Breezy Point Holiday Harbor Lodge—Beachside Apartment Owners' Association (the association) sued appellants B.P. Partnership and Dean Morlock (the owners), to enforce a 14–day rental restriction. On cross motions for summary judgment, the district court ruled in the association's favor and granted a permanent injunction restraining the owners from renting their condominium unit for more than 14 days per year. The owners appeal.

## FACTS

Neither party disputes the facts as found by the district court. The association is a 20–unit condominium owners' association which was established in 1965 under the Minnesota Condominium Act, Minn.Stat. §§ 515.01–.29 (1994) (the Condominium Act).[1] The owners purchased their condominium unit in 1978.

At the time the owners purchased their unit, there were no restrictions or limitations on rentability of units. Indeed, Article VIII of the association's original declaration contemplated that units might be rented:

Each apartment owner shall occupy and use his apartment as a private dwelling for himself and his family and social guests and *residential tenants* and for no other purposes.

(Emphasis added.) On September 29, 1986, Article VIII was amended to read:

Each apartment owner shall occupy and use his apartment as a private dwelling for himself and his family and for no other purpose; social guests and *residential ten-*

*ants shall be allowed to occupy such apartment (absent the owner) only as may be permitted under the regulations* prescribed by the Board of Directors of the Apartment Owners' Association from time to time.

(Emphasis added.) On May 26, 1991, the association's Board of Directors passed a resolution stating that "effective with the Annual Meeting date in September, 1992, no units will be allowed to be rented cumulatively for more than fourteen (14) days yearly."

It is undisputed that the owners have violated this resolution by renting their unit more than 14 days per year. It is also undisputed that the owners received all the required notices, yet failed to attend or participate in the association and board meetings at which Article VIII was amended and the resolution was adopted.

## ISSUE

Is a 14–day rental restriction valid under the Condominium Act?

## ANALYSIS

■ The district court concluded that the owners' violation of the rental restriction entitled the association to injunctive relief under Minn.Stat. § 515.07 (1994) (failure to comply with bylaws and administrative rules is ground for damages or injunctive relief). While permanent injunctive relief is generally granted after a full trial on the merits, in this case it was granted after the court determined summary judgment was proper. *Cf. Wadena Implement Co. v. Deere & Co.*, 480 N.W.2d 383, 389 (Minn.App.1992) (trial court combined injunction and summary judgment hearings), *pet. for rev. denied* (Minn. Mar. 26, 1992). Summary judgment is properly granted when no genuine issues as to any material fact exist and one party is entitled

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The parties assume that this case is governed by the Condominium Act, and not by the later enacted Uniform Condominium Act. *See* Minn. Stat. § 515A.1–102(b) (1994) (Uniform Act applies to all condominiums created after August 1, 1980). They do not discuss whether the Uniform

Act should nevertheless be applied to the rental restriction in this case. *See id.* (provisions of Condominium Act "do not invalidate any amendment to the declaration * * * of any condominium created before August 1, 1986, if the amendment would be permitted by [the Uniform Act]"). The parties do not question the applicability of the Condominium Act, and do not argue that the later enacted Uniform Act should apply.

to judgment as matter of law. Minn.R.Civ.P. 56.03; *see also A.J. Chromy Constr. Co. v. Commercial Mech. Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977) (district court's application of statutory language to set of undisputed facts is issue of law for this court to review de novo).

The district court concluded that the rental restriction is a reasonable restraint on the use of the units.[2] The Condominium Act specifically contemplates such use restrictions. *See* Minn.Stat. §§ 515.11(7) (declaration may restrict use of unit); 515.19, subd. 1(j) (bylaws may contain restrictions and requirements respecting use and maintenance of units, common areas, and facilities); 515.12(3) (deed shall contain statement of use for which unit is intended and restrictions on its use).

■ The owners argue that the rental restriction is actually a restraint on alienation, not a use restriction. At least one other jurisdiction, however, has upheld a rental restriction as a valid restriction on the use of property and not a restraint on alienation. *See Holiday Out in America at St. Lucie, Inc. v. Bowes*, 285 So.2d 63, 64–65 (Fla.Dist. Ct.App.1973) (provision granting condominium developer exclusive right to rent units and prohibiting other owners from such rentals upheld as valid restriction on use of units). The power of alienation is affected only when an owner cannot convey title in absolute fee. *See id.* at 64 (no restraint on alienation when owners can freely convey fee title to property); *LeFebvre v. Osterndorf*, 87 Wis.2d 525, 275 N.W.2d 154, 158 (Ct.App. 1979) (restriction on leasing of units affects only use of units, not right to alienate units); 15A Am.Jur.2d Condominiums & Co-operative Apartments § 39, at 869 (1976) (restrictions on leasing or renting units frequently contained in condominium documents in ac-

cordance with provisions allowing use restrictions).

■ The owners nevertheless insist that by viewing the rental limitation as a valid use restriction under the Condominium Act, the district court ignores other sections of the Condominium Act which grant owners exclusive ownership and possession and a fee simple absolute estate. *See* Minn.Stat. §§ 515.05; 515.02, subd. 3. As the association notes, however, the concept of property interests or ownership is separate and distinct from lawful restrictions on the use of property. While the owners are entitled to exclusive possession and fee simple absolute ownership of their unit, those rights are subject to the remaining provisions of the Condominium Act, including any reasonable restrictions on the use of their unit.

■ Even if we were to agree that the rental limitation is a restriction on alienation, the restriction would be valid under the Condominium Act. The Condominium Act does not expressly prohibit reasonable or limited [3] restrictions on alienation of units.

The owners nevertheless insist that since the Condominium Act does not expressly contemplate or allow restrictions on alienation, then those restrictions are prohibited. As support for this position, the owners compare sections of the Condominium Act with sections of the later enacted Uniform Condominium Act. Minn.Stat. §§ 515A.1–101 to .4–117 (1994) (originally enacted by 1980 Minn. Laws ch. 582, art. 1) (the Uniform Act).

The owners first note that the Uniform Act omits concepts in the Condominium Act, such as fee simple absolute and exclusive ownership and possession. They insist that such omissions evidence a legislative intent to change the law, and infer that the legislature intentionally deleted these concepts or rights

---

**2.** The owners do not challenge the district court's finding and conclusion that the restriction is reasonable as a means to address problems arising from the owners' rental of their unit. Those problems relate to the lack of control over tenants and the need for additional maintenance caused by those tenants.

**3.** The owners do not challenge the district court's conclusion that the rental restriction is not an unlimited restraint upon alienation, because it

only prohibits the leasing of units for more than 14 days per year, unit owners are free to sell their property at any time, and the restriction can be terminated at any time by a vote of the unit owners pursuant to the association bylaws. *See Seagate Condominium Ass'n v. Duffy*, 330 So.2d 484, 485–86 (Fla.Dist.Ct.App.1976) (rule against restraints on alienation precludes only unlimited or absolute restraints).

for condominium owners governed by the Uniform Act. The owners next note that the Uniform Act contains other language not found in the Condominium Act, particularly the concept of restrictions on alienation of units. *See* Minn.Stat. §§ 515A.2–105 (declaration shall contain "any restrictions on use, occupancy, and alienation of the units"); 515A.4–107(a) (before resale of unit, seller must disclose "any right of first refusal or other restraint on the free alienability of the unit"). The owners insist that the absence of the term "alienation" from the Condominium Act and its addition in several sections of the Uniform Act implies that the earlier Condominium Act does not allow restraints on alienation of units while the Uniform Act allows such restraints.

■■■ These comparisons are not instructive, however, because the Minnesota legislature did not draft the Uniform Act. Thus, the legislature's intent in adopting the Uniform Act may not be gleaned by comparing it with the Condominium Act. *See* Minn.Stat. § 515A.1–110 (Uniform Act "shall be applied and construed so as to effectuate its general purpose to make uniform the law with respect to the subject of [this Act]"); *id.* § 645.22 ("Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."); *Layne–Minnesota Co. v. Regents of the Univ. of Minn.*, 266 Minn. 284, 290–91 n. 13, 123 N.W.2d 371, 376 n. 13 (1963) ("The intent of the drafters of the [uniform] act becomes the legislative intent upon enactment."). In addition, the Uniform Act acknowledges the existence of and occasional conflict with the Condominium Act but does not repeal it. *See* Minn.Stat. § 515A.1–102. The two acts thus need not be harmonized or construed together. *Cf. Hahn v. City of Ortonville*, 238 Minn. 428, 435, 57 N.W.2d 254, 261 (1953) (under doctrine of *in pari materia*, different legislative acts involving single subject must be construed to avoid irreconcilable differences and conflicts).

■■■ Finally, the owners argue that since no rental restriction existed when they purchased their unit in 1978, the association is precluded from enforcing the later enacted restriction against them. *Cf. Breene v. Plaza Tower Ass'n*, 310 N.W.2d 730 (N.D.1981) (restrictions on leasing of condominiums unenforceable against later purchaser because not "of record" as required by North Dakota statute). The owners impermissibly raise this issue for the first time on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("only those issues that the record shows were presented and considered by the trial court" may be reviewed). We therefore decline to address this issue, other than to note that it is undisputed that the amendment to Article VIII complied with the requirements and procedures set out in the association documents and the Condominium Act. *See* Minn.Stat. § 515.07 ("[e]ach apartment owner shall comply strictly with the bylaws and with the administrative rules adopted pursuant thereto, as either of the same may be lawfully amended from time to time, and with the covenants, conditions, and restrictions set forth in the declaration"). Moreover, this argument has been considered and rejected by other courts. *See, e.g., Ritchey v. Villa Nueva Condominium Ass'n*, 81 Cal.App.3d 688, 146 Cal.Rptr. 695, 700 (1978) (owner bound by subsequent amendment where declaration provided that bylaws could be amended and enforced against all owners); *Flagler Fed. Sav. & Loan Ass'n v. Crestview Towers Condominium Ass'n*, 595 So.2d 198, 200 (Fla.Dist.Ct.App.1992) (owners who purchase units knowing of and accepting provisions for amendment of declaration are bound by subsequent amendments to declaration).

### DECISION

The district court did not err in concluding that the rental restriction was valid under the Condominium Act, and in permanently enjoining the owners from renting their unit for more than 14 days per year.

**Affirmed.**