Dear Senator Ellis:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Must a person who is not an employee of a cabin owner and who, for a fee, rents out an owner's cabin in Oklahoma to tourists based on a daily rate, or negotiates or attempts to negotiate any such activity, or solicits listings of cabins for rent, or advertises or holds himself or herself out as engaged in such activities, possess a real estate broker's license?
Any person who performs any act within the definition of a real estate broker as set forth in the Oklahoma Real Estate Code ("Code") (59 O.S. 2001 Supp. 2008, §§ 858-101 — 858-732), must be licensed unless otherwise exempt from licensing. 59 O.S.Supp. 2008, §§ 858-102[59-858-102](1), (2), (11); 858-301. The Code defines a real estate broker as follows:
 The term "real estate broker" shall include any person, partnership, association or corporation, foreign or domestic, who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration, lists, sells or offers to sell, buys or offers to buy, exchanges, rents or leases any real estate, [1] or who negotiates or *Page 2 attempts to negotiate any such activity, or solicits listings of places for rent or lease, or solicits for prospective tenants, purchasers or sellers, or who advertises or holds himself out as engaged in such activities[.]
59 O.S.Supp. 2008, § 858-102 [59-858-102](2) (emphasis added) (footnote added).
The Code does not define what constitutes the renting of real estate or the soliciting of places for rent for purposes of the Code definition of a real estate broker. The Code does not specify a minimum amount of time a rental must last in order to fall within the Code definition of a real estate broker: a day, a week, a month, or more. The longstanding interpretation of the Oklahoma Real Estate Commission ("Commission") is that a person who is not an employee of a cabin owner and who, for a fee, rents out a vacation cabin in Oklahoma, or negotiates or attempts to negotiate any such activity, or solicits listings of cabins for rent, or advertises or holds himself or herself out as engaged in such activities, falls within the Code definition of a real estate broker and is required to be licensed by the Commission as a real estate broker.[2] Even before the Commission obtained administrative *Page 3 
jurisdiction over unlicensed persons on November 1, 2004, [3] the Commission filed disciplinary proceedings against a licensed sales associate who, for a fee, handled cabin rentals to tourists outside the supervision of her real estate broker.[4] The Commission has not distinguished between cabin rentals for a day, a week, a month, or more, for purposes of requiring persons engaged in cabin rentals to be licensed real estate brokers. Persons who are not employees of cabin owners and who, for a fee, have rented out cabins on behalf of cabin owners, have been required to hold real estate broker's licenses.[5] *Page 4 
The construction of a statute by an agency charged with its administration is entitled to the highest respect, especially when an administrative construction is definitely settled and uniformly applied for a number of years. Oral Roberts Univ. v. Okla. TaxComm'n, 714 P.2d 1013, 1014-15 (Okla. 1985). Such construction should not be disturbed except for cogent reasons, provided the construction so given is reasonable. Id.
The Commission's construction of the statutory definition of a real estate broker as including a person who is not an employee of the owner and who, for a fee, rents out a cabin in Oklahoma to tourists based on a daily rate, or negotiates or attempts to negotiate any such activity, or solicits listings of cabins for rent, or advertises or holds himself or herself out as engaged in such activities, is reasonable. One of the fundamental and primary purposes of the Code is to protect the public. Lodes v. State exrel. Okla. Real Estate Comm'n,837 P.2d 925, 926 (Okla. Civ. App. 1992). Among other things, the Commission requires a real estate broker to safeguard rents and security deposits held for the owner of real estate by depositing such funds into a trust account. OAC 605:10-13-1(a) (2009). Rental payments and deposits received from tourists and held for cabin owners can be substantial. It is in the public's interest that persons holding such substantial amounts of money on behalf of others be regulated. If cabin rental managers did not fall under the jurisdiction of the Commission, no regulations would protect the monies of the cabin owners that are held by those who, for a fee, rent out cabins on the cabin owners' behalf.
The Commission's interpretation that renting out cabins for a fee falls within its definition of a "real estate broker" is similar to the interpretation the Tennessee Real Estate Commission gave its definition of a "broker" in Tennessee Real Estate Commission v.Hamilton, No. 01A01-9707-CH-00320, 1998 WL 272788 (Tenn. Ct. App. May 22, 1998). In Hamilton, the court upheld the Tennessee Real Estate Commission's finding that the overnight rental of cabins located in Gatlinburg, Tennessee, undertaken on behalf of owners for a fee, fell within the definition of a real estate broker, which included any person who, for a fee, "collected or attempted to collect rents" for any real estate. Id. at *4.
The Commission's interpretation of its real estate licensing law is also analogous to the interpretation the court gave Florida's real estate licensing law in Holiday Out in America v.Bowes, 285 So. 2d 63, 65 (Fla. Dist. Ct. App. 1973). Florida's real estate licensing law, like Oklahoma's, prohibited a person from charging a fee for the rental of real estate owned by another without possessing a valid real estate license.[6] In finding the manager of a travel trailer park could not, for a fee, rent out to tourists individually-owned spaces in the park without holding a valid real estate license, the court said: *Page 5 
 Appellant argues that the services it renders in renting the lots to transients ought to be viewed as being more in the nature of the services performed by hotel and motel clerks who are exempt from the real estate licensing law. . . .The analogy is not without some persuasiveness, but the courts are not free to graft exceptions onto the rather plain language.
Id.
The Commission's longstanding interpretation of the Code requiring a real estate broker's license for those who are not employees of cabin owners and who, for a fee, rent out cabins in Oklahoma to tourists based on a daily rate, or negotiate or attempt to negotiate any such activity, or solicit listings of cabins for rent, or advertise or hold themselves out as engaged in such activities, is reasonable, and the Commission's interpretation is entitled to the highest respect and should not be disturbed. Oral RobertsUniv., 714 P.2d at 1014-15.
It is, therefore, the official Opinion of the Attorney Generalthat:
 A person who is not an employee of a cabin owner and who, for a fee, rents out a cabin in Oklahoma to tourists based on a daily rate, or negotiates or attempts to negotiate any such activity, or solicits listings of such cabins for rent, or advertises or holds himself or herself out as engaged in such activities, must be licensed as a real estate broker by the Oklahoma Real Estate Commission because such person falls within the definition of a real estate broker as set forth at 59 O.S.Supp. 2008, § 858-102[59-858-102](2).
W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] "Real estate" is defined by the Code as:
 [I]nclud[ing] any interest or estate in real property, within or without the State of Oklahoma, whether vested, contingent or future, corporeal or incorporeal, freehold or nonfreehold, and including leaseholds, options and unit ownership estates to include condominiums, time-shared ownerships and cooperatives; provided, however, that the term "real estate" shall not include oil, gas or other mineral interests, or oil, gas or other mineral leases; and provided further, that the provisions of this Code shall not apply to any oil, gas, or mineral interest or lease or the sale, purchase or exchange thereof[.]
Id. § 858 102(1). For purposes of this Opinion we assume, without deciding, that owners of cabins in Oklahoma own an "interest or estate in real property" pursuant to 59 O.S.Supp. 2008, § 858-102[59-858-102](1).
[2] The Code exempts from licensing persons who are employees of a real estate owner and rent out real estate on the owner's behalf when such acts are performed in the regular course of, or as an incident to, the management or ownership of such real estate. 59 O.S.Supp. 2008, § 858-301[59-858-301](1). The question presented specifically states it does not involve the cabin owner's employee; therefore, this exemption would not apply.
[3] 2004 Okla. Sess. Laws ch. 142, § 3.
[4] See, e.g., Paul A. Aaron and Bonnie L. Woody, (Okla. Real Est. Comm'n Nov. 5, 2003) (final order) No. C-2002-71. In that case, the licensee, who was not an employee of cabin owners, managed, for a fee, the rental of vacation cabins on behalf of cabin owners without having a real estate broker's license and without the knowledge of her supervising real estate broker. The licensee consented to a six month suspension of her sales associate license, an administrative fine of $750.00, and three hours of continuing education.
[5] See, e.g., Oklahoma Real Estate Commission Comment,Real Estate License Required to Manage Lake or Vacation RentalProperties, 39 OKLA. REAL. EST. COMM'N 1, at 1 (2004), http://www.state.ok.us/~orec/pdf/CommissionComment2ndQuarterVol39No1.pdf;Oklahoma Real Estate Commission Comment, Press Release, 43 OKLA. REAL. EST. COMM'N 1, at 1 (2008), http://www.ok.gov/OREC/documents/PRESS%20RELEASE%206-23-08%20final.pdf;Oklahoma Real Estate Commission Comment, Lake Properties arebeing Managed by Persons Who Are Not Licensed or Who Do Not Possessthe Proper Real Estate License, 44 OKLA. REAL. EST. COMM'N 1, at 1 (2009) http://www.ok.gov/OREC/documents/Commisision%20Comments%2050173.pdf. All three articles state a real estate broker's license is required to manage lake or vacation rentals. See also Oklahoma Real EstateCommission Comment, Important Information, 27 OKLA. REAL. EST. COMM'N 3, at 1 (1992) (on file with author);Commission Comment, May a Sales Associate Own a Real EstateFirm; Property Managers Required to Be Licensed, 20 OKLA. REAL. EST. COMM'N 1, at 1, 4 (1985) (on file with author). All three articles state property managers are required to have a real estate broker's license.
[6] Unlike Oklahoma's real estate licensing laws, Florida's specifically exempted the manager of a condominium complex who rented individual units within the condominium when acting on behalf of an owner who had an interest in no more than one unit and when the rental arrangement was for a period no greater than one year.Id. In Bowes, the case related to owners of more than one condominium unit; therefore, the exemption from real estate licensing did not apply. Id.
 *Page 1