ADDISON J. LYON, Respondent, *v.* VAN V. MORGAN et al.,
Appellants.

The rule that an estoppel binds the parties and their privies in estate and
blood applies only as to a subsequent party when he simply represents
the rights and interests of the party who created the estoppel. It does
not apply to a party who, in the process of transferring real estate, has
acquired a better title than his predecessor had.

S., who had a record title to an undivided one-fourth of certain real
estate, was present when his co-owner executed a mortgage upon the
whole parcel. The mortgagor asserted at the time that he was the sole
owner, and that S. had no interest therein. S. assented to this and
disclaimed all interest in the land. The mortgagee thereupon, without
further inquiry as to title, took the mortgage. The interest of S. was
thereafter sold on execution against him. Plaintiff purchased and
received the sheriff's deed in good faith, relying upon the recorded
title, and in ignorance of what took place when the mortgage was
given. In an action for partition defendants claimed title to the whole
of the land under a sale on foreclosure of the mortgage. It did not
appear that there was any actual possession of the land when plaintiff
purchased and took his conveyance which would operate as a con-
structive notice. *Held*, that plaintiff was protected by the Record-
ing Act against an undisclosed equity in favor of the holder of the
mortgage; that while S. was estopped from questioning the lien of the
mortgage, the estoppel did not extend to and bind plaintiff, a *bona fide*
purchaser; that he had a better title than S. which could not be
defeated by an estoppel of which he had neither actual nor constructive
notice.

Neither S. nor his judgment creditor or plaintiff were made parties to the
foreclosure suit. *Held*, that, conceding plaintiff was bound by the estop-
pel, this extended only to the lien of the mortgage, and the legal title
remained in him subject thereto; that S., or whoever represented his
title at the time, was a necessary party to the foreclosure suit, and, as
to his equity of redemption, the mortgage had not been foreclosed.

Reported below, 64 Hun, 111.

(Submitted October 31, 1894; decided November 27, 1894.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, made April 26, 1892,
which reversed a judgment in favor of defendants entered
upon a decision of the court dismissing the complaint made
on trial at Special Term and directed a new trial.

This was an action for partition.

The facts, so far as material, are stated in the opinion.

*George Bowen* and *Edward A. Washburn* for appellants. Silas N. Carman and his successors in interest are clearly estopped as against the mortgagee in the $10,000 mortgage, and his successors, from claiming any interest in the lands mortgaged. (*T. B. Co.* v. *Duncan*, 86 N. Y. 221; *Storrs* v. *Barker*, 6 Johns. Ch. 166; *U. S. R. Co.* v. *Rothery*, 107 N. Y. 316; *Blair* v. *Wait*, 69 id. 113; *Grissler* v. *Powers*, 81 id. 61; 6 Wait's Act. & Def. 705.) Estoppels bind the parties and their privies in estate and blood. (*U. D. S. Inst.* v. *Wilmot*, 94 N. Y. 221; *Smith* v. *Cross*, 90 id. 549; 6 Wait's Act. & Def. 680, § 4; Code Civ. Pro. § 1632; *T. B. Co.* v. *Duncan*, 86 N. Y. 227.) To entitle himself to the benefit of the recording acts the plaintiff in this case must show, not only he was a *bona fide* purchaser for a valuable consideration, and without notice, but that his conveyance was first recorded. (*Westbrook* v. *Gleason*, 79 N. Y. 33; *C. N. Bank* v. *Diefendorf*, 123 id. 201; *Seymour* v. *McKinstry*, 106 id. 240; *Clute* v. *Emmerick*, 99 id. 350.) The opinion of the two justices who decided this case at General Term, that defendants or their predecessors in interest, had been guilty of such *laches* as precluded them from the advantage of the alleged estoppel, is not well founded. (*Moore* v. *Nye*, 49 N. Y. S. R. 168.)

*Edward K. Clark* for respondent. The legal title to the undivided one-fourth of the sixteen acres in question was in Addison J. Lyon, the original plaintiff, and is now in the respondent. (*Barker* v. *Bell*, 37 Ala. 359; *Sheldon* v. *Wright*, 5 N. Y. 514; *Ackley* v. *Dygert*, 33 Barb. 190.) The doctrine of estoppel is not applicable to the case at bar. (*Comm.* v. *Moltz*, 10 Penn. St. 532; *Andrews* v. *E. L. Ins. Co.*, 85 N. Y. 344; *Mueller* v. *Knaessman*, 84 Mo. 318; *Ackley* v. *Dygert*, 33 Barb. 193; *Ketchum* v. *Duncan*, 96 U. S. 667; *M. Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 638.) In any event, if the law of estoppel still has an existence, when applied to the title to real estate, it should not be

extended, but every reasonable effort made to curtail it, and it should be cautiously applied. (*T. B. Co.* v. *Duncan*, 86 N. Y. 230; *Thompson* v. *Simpson*, 128 id. 270; *Gove* v. *White*, 20 Wis. 430.) The trial court based its decision mainly on the erroneous view that Lyon did not prove that he acted in good faith and without knowledge. (*Wood* v. *Chapin*, 13 N. Y. 509; *L. F. Co.* v. *L. G. & F. Co.*, 82 id. 477; *Jackson* v. *Alexander*, 3 Johns. 484; *Ward* v. *Isbill*, 73 Hun, 552; *Jackson* v. *Chamberlain*, 8 Wend. 620, 627; *Barto* v. *T. C. N. Bank*, 15 Hun, 13; *Maroney* v. *Boyle*, 141 N. Y. 469, 470; *Jackson ex dem.* v. *Post*, 15 Wend. 588; *Hetzel* v. *Barber*, 69 N. Y. 10; *Holland* v. *Brown*, 140 id. 347, 348; *Wood* v. *Morehouse*, 1 Lans. 412; 45 N. Y. 368; 2 Pom. Eq. Juris. § 724.) To invalidate Lyon's title by an estoppel *in pais*, such as is sought in this case, would give to naked words a force and effect which is denied to the most formal instruments executed under hand and seal. (*Jackson* v. *Post*, 15 Wend. 593.) In order to enable a person to claim the benefit of an estoppel *in pais* in regard to title, it is essential that two negatives must concur. He must have been destitute of the means of acquiring a knowledge of the title, and he must not have been guilty of *laches*. (Herman on Est. [ed. 1886] §§ 966, 969, 974; *Comm.* v. *Moltz*, 10 Penn. St. 531.) Oral declarations are not admissible as evidence of a record title. (*Jackson ex dem.* v. *Mc Vey*, 15 Johns. 237; *Gibney* v. *Marchay*, 34 N. Y. 301.) Declarations of a prior owner will not be received to impair the record title of real estate. (*Gibney* v. *Marchay*, 34 N. Y. 303.) The defendants have the affirmative to prove, on question of notice. (2 Herman on Est. [ed. 1886] § 793; *Holland* v. *Brown*, 140 N. Y. 347; 1 Devlin on Deeds, §§ 639, 640, 642.) Plaintiff's equities are superior to those of the defendants. (2 Herman on Est. § 974; *Comm.* v. *Moltz*, 10 Penn. St. 532; *Carpenter* v. *Stilwell*, 11 N. Y. 74; *Weaver* v. *Borden*, 49 id. 299.)

O'BRIEN, J. The plaintiff claimed to be the owner and in possession of the undivided one-fourth part of sixteen acres of

land which he sought to partition in this action, the defendant William A. Morgan being the owner of the other three-fourths. The complaint was dismissed at the trial on the ground that the plaintiff had failed to show any title to the land or any right to maintain the action. This judgment has been reversed by the General Term and a new trial granted. The original defendant, William A. Morgan, died after the entry of the judgment, and his infant children, who have succeeded to his title, are the present defendants upon the record. The plaintiff and Morgan claimed title to the land or the interest sought to be partitioned from different sources. The plaintiff's title rests upon a sheriff's deed given upon a sale under an execution issued upon a judgment recovered by the First National Bank of Binghamton against Silas N. Carman June 16, 1888. The land was not redeemed from the sale and the deed was delivered to the plaintiff January 25, 1890, and recorded January 28, 1890. The record title was then apparently in the judgment debtor under a deed to him from the former owner, delivered and recorded in 1872. The plaintiff was the highest bidder at the sale and paid $762.95, which satisfied the judgment.

On November 26th, 1883, Joseph Carman, the father of Silas N. Carman, borrowed of Albert E. Smith, as guardian of an infant, the sum of $10,000, and to secure the payment thereof gave to him a mortgage on a considerable tract of land, which included the land in question. At the time of making this loan the mortgagee was assured by the mortgagor that he was the owner of the piece of land in controversy, and that his son Silas had no interest in it, and Silas himself, in the presence of the mortgagee and his father, assented to this statement and disclaimed all interest in the property, and the mortgagee, without further inquiry as to the title, made the loan and took the mortgage on the faith of these statements. On December 1, 1888, an action was commenced to foreclose this mortgage by the defendant Waterman, who succeeded Smith as guardian. The action was prosecuted to judgment, and the premises described in the mortgage, which included

the land in question, were sold by the referee to William A. Morgan February 11, 1890, and the conveyance duly recorded February 20, 1890. Morgan's bid was $6,800 and $5,000 of it was secured by a mortgage for that amount by the purchaser to the guardian. Neither Silas N. Carman nor his judgment creditor, the bank, or the plaintiff, were made parties to the foreclosure. It is contended in behalf of the defendants, who claim under the referee's deed upon the foreclosure sale, that Silas N. Carman is estopped by his statements and admissions from denying their title under the mortgage, and that this estoppel extends to the plaintiff. The doctrine of estoppel, when invoked for the purpose of working a change in the title to land, is to be applied with great caution. It permits verbal statements or admissions to be substituted in place of the written evidence of transfer which the Statute of Frauds and the general rules of law require in such cases, and hence should not be applied unless the grounds upon which it rests are clearly and satisfactorily established, and not then except in support of a clear equity or to prevent fraud. (*Thompson* v. *Simpson*, 128 N. Y. 270; *Trenton Banking Co.* v. *Duncan*, 86 id. 230.)

The plaintiff, so far as the record shows, was a purchaser in good faith and for a valuable consideration, relying upon a recorded title, not affected by anything, so far as appears, unless it be the admissions which the owner made when his father assumed to mortgage it, and of these admissions he had no notice. It does not appear that there was any actual possession of the land when he purchased and took his conveyance that would operate as constructive notice, and, therefore, he was protected by the Recording Act against an undisclosed equity in favor of the holder of the mortgage. (*Holland* v. *Brown*, 140 N. Y. 344.)

It is quite true that Silas N. Carman, the owner, was estopped from questioning the lien of the mortgage upon this land as between him and any one claiming under it, upon the findings of the court in this case. But that estoppel did not extend to and bind a *bona fide* purchaser. The rule that estoppels bind the parties and their privies in estate and blood applies only when subsequent parties represent the rights and

estate of the party who created the estoppel, and nothing more. It does not apply to a party who, in the process of transferring real estate, has acquired a better title than his predecessor had. While Silas N. Carman might not be permitted to question the defendants' title under the mortgage, yet the plaintiff may, for the reason that he purchased in good faith for a valuable consideration, relying upon the record title in the judgment debtor and in ignorance of the transaction that took place when the mortgage was given. He has, therefore, a better title than the judgment debtor had, which cannot be defeated by an estoppel of which he had neither actual nor constructive notice.

But even if the plaintiff could be bound by the estoppel, it extended only to the lien of the mortgage and could not be given any greater effect than if Carman had joined in that instrument. As the legal title would then have remained in him subject to the mortgage, so it did when he made it a lien by estoppel, and hence he, or whoever represented his title, still owned the equity of redemption, and, therefore, were necessary parties to the action to foreclose the mortgage. The most favorable view that can be taken of the case for the defendants would put Carman in the position of a party who had consented to charge his land with the lien of a mortgage. He did not by such consent extinguish his equity of redemption any more than he would had he become a party to the mortgage, and, therefore, it must follow that as to the interest which remained in him the mortgage has never been foreclosed. But unless the defendants are able to charge the plaintiff with some notice, actual or constructive, of the transaction which took place between Silas, his father and the mortgagee at the time that he purchased and paid for the land at the execution sale, then the plaintiff's title is superior and must prevail.

The order reversing the judgment of the trial court and granting a new trial should be affirmed and judgment absolute ordered for the plaintiff, with costs.

All concur.

Ordered accordingly.