■ EDWARD A. COHN, Appellant, v UNITED STATES TRUST COMPANY et al., as Executors of SIDONIA F. GRAHAM, Deceased, et al., Respondents.—Judgment of the Supreme Court, New York County (Robert E. White, J.), entered January 25, 1985, which dismissed plaintiff Edward Cohn's amended complaint with prejudice, is unanimously modified, on the law and

the facts, to the extent of granting plaintiff leave to serve, within 20 days of service of this order, an amended complaint upon defendants, seeking return of the $5,000 down payment, and the judgment is otherwise affirmed, without costs.

Special Term correctly dismissed plaintiff's complaint for failure to state a cause of action. Plaintiff alleges in the complaint that the letter of intent to sell him the shares of a cooperative apartment and its furniture, which made up the residuary estate of Sidonia Feltenstein Graham, was signed by beneficiaries of the estate-testamentary trust before any letters testamentary were issued. On their own, these allegations negate the existence of any valid cause of action for breach of contract, since beneficiaries of a trust do not take a legal estate in the trust property (EPTL 7-2.1 [a]), and executors of a will have no power to dispose of estate property prior to obtaining letters testamentary (EPTL 11-1.3). However, defendants' counterclaim, seeking damages of $5,000, and plaintiff's assertion that his $5,000 cash down payment should have been returned raise valid questions of fact as to the whereabouts of the $5,000 down payment and who is entitled to it. Accordingly, it was error for Special Term to dismiss the complaint, with prejudice, without granting plaintiff leave to serve an amended complaint seeking return of the $5,000 down payment. Accordingly, we so modify the judgment. Concur—Sullivan, J. P., Carro, Asch and Ellerin, JJ.