537 So.2d 113 (1988)
William H. BRINE and Peter J. Brine, Appellants,
v.
Samuel A. FERTITTA and Pearl L. Fertitta, Appellees.
No. 87-3562.
District Court of Appeal of Florida, Second District.
November 18, 1988.
Rehearing Denied January 27, 1989.
Daniel A. Gregory of Asbell, Hains, Doyle & Pickworth, Naples, for appellants.
Paul Clarence Darrow of Paulich, O'Hara & Slack, P.A., Naples, for appellees.
LEHAN, Judge.
The holders of an option to purchase real property appeal a summary final judgment adjudicating the option to be void. We affirm.
Appellants, the Brines, and appellees, the Fertittas, entered into a contract under which the Brines received an option to purchase real property owned by the Fertittas. *114 The contract did not specify a time within which the option must be exercised but did provide that if the option were exercised more than one year after the date of the contract, the purchase price would be adjusted on the basis of a consumer price index. The contract also contained a section entitled "Period of Option and Extension," which provided that notice to exercise the option could be given during the year following the signing of the contract or "during any extension period." The contract further provided that the option "shall be extended by the purchaser paying the ad valorem taxes against the property for the year for which said taxes are assessed."
The contract was entered into in 1983 for an initial consideration of $2,500. The Brines paid the ad valorem taxes on the property in 1984 and 1985. In 1986 the Fertittas notified the Brines that they no longer considered the option valid. Nonetheless the Brines attempted to exercise the option and ultimately filed this lawsuit.
The complaint sought a declaration of the Brines' rights under the option contract and asked the court to enforce that contract. The complaint also sought relief based upon promissory estoppel, alleging that the Fertittas knew that the Brines intended to have the property's zoning changed from residential to commercial, that the Brines had in fact done so by expending considerable sums, and that as a consequence the value of the property had greatly increased.
The trial court granted the Fertittas' motion for summary judgment on the basis that the option contract provided no limitation upon the time of exercise of the option and was therefore void as an unreasonable restraint upon alienation. On appeal, the Brines contend that the trial court erred (1) by interpreting the option contract without considering parol evidence proffered by the Brines to show an intent of the parties that the option be exercised within a few, or four or five, years and (2) by denying the Brines' alternative claim for relief based upon promissory estoppel.
As to the first contention, we affirm the ruling that the option contract under its terms was void as an unreasonable restraint upon alienation. The reason is that the option was for an indefinite period and was, in effect, for a fixed price, i.e., a price which, while adjustable for inflation, was not adjustable for changes in the market value of the property. See Iglehart v. Phillips, 383 So.2d 610 (Fla. 1980). There was no error in the court's refusal to admit parol evidence to show that the option was exercisable within a definite time period; the terms of the contract unambiguously permitted the option to be exercised during an indefinite period. See Friedman v. Virginia Metal Products Corp., 56 So.2d 515, 516 (Fla. 1952).
As to the second contention, we affirm the denial of relief under the claim for promissory estoppel. The allegations of that claim do not refer to any promise by the Fertittas other than the promise expressed in the option contract. Since under Iglehart that contract is void as against public policy, it should not provide the basis for the requested relief. See 22 Fla.Jur.2d Estoppel and Waiver § 68 at 508-09 (1980); 17 Am.Jur.2d Contracts § 232 (1964). Cf. Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d 777 (Fla. 1966) (the doctrine of promissory estoppel may not negate the application of the statute of frauds). Also, considering justifiable reliance as an element of promissory estoppel, see Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461, 466 n. 1 (Fla. 1st DCA 1981), reversed on other grounds, 421 So.2d 505 (Fla. 1982); Swygert & Smucker, Promissory Estoppel in Florida: Growing Recognition of Promissory Obligation, 16 Stetson L.Rev. 1, 43 (1986), we do not conclude in this case that reliance upon a promise the enforcement of which would be contrary to established public policy may be found to have been justifiable. Further, "The doctrine of estoppel, when invoked for the purpose of working a change in the title to land, is to be applied with great caution." South Investment Corp. v. Norton, 57 So.2d 1, 3 (Fla. 1952) (quoting Lyon v. Morgan, 143 N.Y. 505, 509, 38 N.E. 960, 961 (1894)).
*115 In any event, the doctrine of promissory estoppel should not be applied if injustice can otherwise be avoided. See Geodata Services, Inc. v. W.R. Grace & Co., 526 So.2d 922, 925 (Fla. 2d DCA 1988); Dorsey v. Bacon, 436 So.2d 1017, 1021 (Fla. 1st DCA 1983). As indicated below, it does not appear to have been established that if an injustice to the Brines occurred, other relief would not be appropriate.
We do not conclude that equitable relief for the Brines, such as the return of moneys paid by them for ad valorem taxes, has necessarily been foreclosed. See Iglehart, 383 So.2d at 617-18. As did the Florida Supreme Court in Iglehart, id., we deem it inappropriate to specify particular equitable relief, if any, and simply remand for further consideration in that regard.
Affirmed in part and remanded for proceedings not inconsistent herewith.
DANAHY, A.C.J., and FRANK, J., concur.