FOURTH DEPARTMENT, NOVEMBER, 1990

(November 16, 1990)

■ INTERNATIONAL CHIMNEY CORPORATION, Appellant, v 26 WEST SPRING STREET ASSOCIATES, Respondent.—Order and judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: International Chimney Corporation (ICC), lessee of a part of the premises located at 26 West Spring Street, Williamsville, New York, commenced an action for specific performance of an option agreement against defendant, 26 West Spring Street Associates (Associates). Initially, Associates contends that ICC's lease, which contained the option, is void because, at the time of the execution, letters testamentary had not been granted to the coexecutors who had executed the lease on behalf of the lessor estate.

Plaintiff, ICC, contends that the lease is valid and, in any event, that defendant, Associates, is estopped from denying the validity of the lease because its predecessor in interest, the estate of James Amo, accepted the rents under the terms of the lease for two years before it sold the property to Associates and, at the time of the sale, Associates had full knowledge of the lease to ICC and of the fact that ICC had paid the rents to the Amo estate. We conclude that the lease was invalid because the executors had no power to dispose of any part of the estate before letters testamentary were granted *(see,* EPTL 11-1.3; *Hartnett v Wandell,* 60 NY 346, 350; *Cohn v United States Trust Co.,* 127 AD2d 523, 524; *Matter of Yarm,* 119 AD2d 754). Nevertheless, defendant, Associates, is estopped from denying its validity.

Having accepted the rents for a period of two years under the terms of the lease, the Amo estate was estopped from denying the validity of the lease *(see, Holm v C.M.P. Sheet Metal,* 89 AD2d 229, 234-235). The issue we are now called upon to decide is to what extent a grantee of real property is bound by an equitable estoppel created by the acts of the

grantor. The opinion in *Holm v C.M.P. Sheet Metal (supra,* at 235) states: "It is only estoppel by deed which binds successors in interest (see *Mutual Life Ins. Co. of N. Y. v Corey,* 135 NY 326, 335; see, also, 21 NY Jur, Estoppel, Ratification, and Waiver, § 7, p 9)." Although the references in *Holm (supra)* hold that estoppel by deed binds successors in title, they do not hold that *only* estoppel by deed binds successors. The correct rule is that equitable estoppel also is binding on a grantee where the grantee "at the date of his purchase or grant to him knew of the existence of the facts which operate as a bar to the claim of his grantor" (31 CJS, Estoppel, § 133; *see also,* 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 67; *Lyon v Morgan,* 143 NY 505, 509-510; *Matter of Myers v Key Bank,* 113 AD2d 244, 246, *affd* 68 NY2d 744; *Quigg v Treadway,* 222 App Div 164; *Johnson v Pattison,* 185 NW2d 790, 795 [Iowa]; *Bratt v Peterson,* 31 Wis 2d 447, 454, 143 NW2d 538). Although the doctrine of equitable estoppel should be applied with caution when it affects the title to real property and with even greater caution when sought to be invoked against a subsequent owner (57 NY Jur 2d, Estoppel, Ratification and Waiver, § 16), here the facts creating the estoppel were clearly and convincingly established. Moreover, there is no question that Associates, which took title subject to the lease and had knowledge of the terms of the lease, was aware that the Amo estate had been accepting the rent under the lease. Thus, Associates is bound by the estoppel effective against the grantor.

That does not end our inquiry in this case, however. Associates next contends that, even if ICC's lease is valid, in purchasing the property, Associates exercised a right of first refusal which was superior to the option to purchase contained in ICC's lease. We agree, for the reasons stated in the opinion of Supreme Court, that the "right of first refusal" granted by the Amo estate to Scipar, Inc. (Associates' predecessor) was superior to ICC's option to purchase.

The record contains the statement of the managing partner of Associates and president of Scipar, elicited by the court, that he exercised the right of first refusal, but it contains no evidence of any assignment from Scipar to Associates. Counsel was attempting to prove the facts concerning the exercise of the right of first refusal, presumably including any assignment to Associates, when the court stopped him.

Accordingly, we reverse the order and judgment in favor of defendant and remit the matter to Supreme Court to take further evidence concerning the exercise of the right of first

refusal, including any assignment by Scipar to Associates, and to make a new decision consistent with this memorandum. (Appeal from order and judgment of Supreme Court, Erie County, Doyle, J.—specific performance.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.