612 So.2d 636 (1993)
CAMINO GARDENS ASSOCIATION, INC., a Florida nonprofit corporation, Appellant,
v.
Richard McKIM, Jane McKim, Eric McKim, Home Savings of America, F.S.B., a Federal Savings Bank, f/k/a/ Home Savings of America, F.A., a Federal Association, Great Western Bank, a Federal Savings Bank, a United States Corporation, Kevin B. Gentry and Natalie V. Gentry, Appellees.
No. 91-3502.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
*637 Glen A. Stankee and Robin L. Hyman of Raymond & Dillon, P.C., Fort Lauderdale, for appellant.
James V. Lau of Lau, Lane, Pieper & Asti, P.A., Tampa, and Joel H. Feldman of Feldman, Mallinger & Brown, P.A., Boca Raton, for appellees Richard McKim, Jane McKim, Eric McKim, and Great Western Bank.
Byron B. Mathews, Jr., and Michael J. Weber of McDermott, Will & Emery, Miami, for appellees Home Savings of America, Kevin B. Gentry, and Natalie V. Gentry.
POLEN, Judge.
Appellant homeowner's association, Camino Gardens Association, Inc. (hereinafter the Association) brings this appeal from a final judgment entered in favor of appellees Home Savings; Eric, Jane and Richard McKim; Great Western Bank; and Kevin and Natalie Gentry. We affirm the final judgment entered after the trial court granted appellees' motion for judgment on the pleadings.
The Association, whose membership consists exclusively of all association-approved *638 owners of lots within the Camino Gardens subdivision in Boca Raton, filed suit against appellees alleging that all lots in the subdivision were subject to a declaration of restrictions which included a prohibition on the sale, lease, use or occupancy of any lot in the subdivision to anyone other than a duly admitted member of the Association.[1] It was alleged that Article X of the declaration had been violated when Home Savings, which financed the Gentry's property in Camino Gardens, took title to the property in lieu of foreclosure without notifying the Association. Home Savings then closed on the purchase of the property to the McKims, despite the fact that the McKims' application for admission to membership in the Association had not yet been acted upon by the Association. The McKims' application for membership was ultimately denied when the Association's investigation revealed that the McKims were not of "good moral character" or of "sufficient financial responsibility," to obtain membership.
The Association's complaint sought a declaration that the deed from the Gentrys to Home Savings was void and that the deed from Home Savings to the McKims was void. Great Western Bank was joined in the action after the McKims secured a mortgage from that bank. The Association's complaint also sought a writ of ejectment ordering the McKims to vacate the property, and an injunction permanently enjoining the Gentrys and Home Savings from attempting to convey the property to *639 anyone other than a member in good standing of the Association.
The appellees filed a motion for judgment on the pleadings, directed toward the three (3) pertinent provisions of Article X. First, the motion alleged that the provision prohibiting conveyance of the property to persons other than members in good standing of the Association was void as an unreasonable restraint on alienation and/or repugnant to conveyance of the fee estate in the property. Appellees alleged that the provision granting the Association and all of its members the right to purchase property by satisfying the outstanding mortgage balance in the event that the mortgagee of that property initiates foreclosure proceedings was void because it constituted an unreasonable restraint on alienation, violated the rule against perpetuities, and/or stifled or chilled bidding. Lastly, appellees asserted that the provision in Article X requiring that a mortgagee give written notice to the Association thirty (30) days prior to instituting foreclosure proceedings did not require the mortgagee to give such notice prior to accepting a deed in lieu of foreclosure.
The trial court granted appellees' motion and entered judgment on the pleadings. The court found, as a matter of law, that Article X's prohibition against conveyance of lots in Camino Gardens to persons other than Association members was void because it constituted an unreasonable restraint on alienation. The court also found that the provision giving the Association a right to redeem any mortgage in the event that the mortgagee initiated foreclosure proceedings and the provision requiring the mortgagee to give written notice to the Association thirty (30) days prior to initiating such proceedings were void because they were inextricably related to the provision purporting to prohibit conveyance to all but Association members, they constituted an unreasonable restraint on alienation, and they stifled or chilled bidding. Lastly, the court determined that the provision purporting to give the Association a right to redeem any mortgage in the event that the mortgagee initiated foreclosure proceedings did not require that the mortgagee give any notice to the Association before accepting a deed in lieu of foreclosure. The subject provisions of Article X were declared null and void. The deeds from the Gentrys to Home Savings and from Home Savings to the McKims were declared valid conveyances, and the mortgage from the McKims to Great Western Bank was declared a valid mortgage.
The Association has failed to demonstrate error in the procedure employed by the trial court in entering a judgment on the pleadings in this declaratory judgment action. "In a declaratory judgment action, a trial court may enter a judgment on the pleadings if the merits of the case can be determined as a matter of law from the pleadings." State Farm Mut. Auto. Ins. Co. v. Chapman, 415 So.2d 47, 79 (Fla. 5th DCA 1982), petition for review denied, 426 So.2d 29 (Fla. 1983). An evidentiary hearing need not be held in every case prior to the grant of a motion for judgment on the pleadings. In ruling on a motion for judgment on the pleadings, "all well-pleaded allegations of the party opposing the motion are to be taken as true, and all allegations of the moving party which are denied are taken as false." J & J Utility Co. v. Windmill Village by the Sea Condominium No. I Ass'n, 485 So.2d 36, 36 (Fla. 4th DCA 1986). In the instant case the trial court properly reviewed the pleadings, accepting each of the factual allegations set forth in the Association's complaint as true and resolving any issues of fact in favor of the Association, as it was required to do. Concluding that the merits of the instant case could be determined as a matter of law from the pleadings, the court was entitled to enter judgment on the pleadings.
The Association has also failed to demonstrate error in the trial court's determination that two provisions of Article X were void and the third was ineffectual. When determining the validity of restraints on alienation, courts must measure such restraints in terms of their duration, type of alienation precluded, or the size of the class precluded from taking. Metropolitan Dade County v. Sunlink Corp., 17 *640 Fla. L. Weekly 352, 353, 1992 WL 12109 (Fla. 3d DCA Jan. 28, 1992); Seagate Condominium Ass'n v. Duffy, 330 So.2d 484, 485 (Fla. 4th DCA 1976). The rule against restraints on alienation "has long been recognized as precluding only unlimited or absolute restraints on alienation." Seagate Condominium, 330 So.2d at 485 (emphasis in original).
In Davis v. Geyer, 151 Fla. 362, 9 So.2d 727 (1942), property had been conveyed by warranty deed and simultaneously the parties executed an agreement containing a provision that no sale of the property would be made by the grantee until that sale was approved by the grantor. Davis, 9 So.2d at 729. The Florida Supreme Court noted that it had long been the law in Florida that a condition annexed to the grant or devise of land which prohibited the grantee or devisee from alienating that land was void. Id. The court stated that after an absolute conveyance in fee simple, a clause prohibiting the grantee from conveying without the consent of the grantor is repugnant and void, as is a condition to alien only to a particular person or persons. Id., 9 So.2d at 729-730.
The law as enunciated in Davis supports the trial court's determination that the provision in Article X prohibiting the conveyance of property in Camino Gardens to non-members in the Association is void. That provision provides: "No lot, nor any part thereof, in Camino Gardens, Section 1, shall be sold, conveyed or leased to anyone other than a member in good standing of CAMINO GARDENS ASSOCIATION, INC." In its purest sense, this provision is a condition to alien only to particular persons, perpetual in duration, and effecting every type of alienation. When viewed in combination with the Association bylaws defining membership in the Association,[2] the provision becomes a condition prohibiting conveyance without the consent of the Association. Under either of these circumstances the provision is void pursuant to Davis.
The Association cites several cases for the broad proposition that restrictions contained in declarations of condominium serve to protect the integrity of residential communities and will be upheld even if they are, to a certain degree, unreasonable. See, e.g., Aquarian Foundation, Inc. v. *641 Sholom House, Inc., 448 So.2d 1166 (Fla. 3d DCA 1984); Hidden Harbor Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981). These cases do not contradict the holding in Davis and are not analogous to the facts present in the instant case.
The Association also cites Coquina Club v. Mantz, 342 So.2d 112 (Fla. 2d DCA 1977), as one case where a condominium association was permitted to reject applicants without obligating the association to purchase the unit in the event that it denied application. Coquina Club, like White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979), concerned a condominium's restriction prohibiting children under 12 from residing on the premises. Coquina Club, 342 So.2d at 112. The court noted that the condominium act in effect at the time allowed reasonable restrictions on use, occupancy, and transfer of units. Id. at 113. The court interpreted a provision in the declaration of condominium requiring the condominium association to furnish a purchaser in the event that a prospective purchaser was not acceptable to the condominium association. Id. The prospective purchaser supplied by the condominium owner did not meet the threshold restriction prohibiting children under 12, thus the court concluded that the owner could not enforce the provision of the restriction requiring the condominium association to furnish a purchaser. Id.
Contrary to the Association's assertion, Coquina Club does not address the reasonableness of a restriction such as that present here, which prohibits any conveyance of the subject property without the prior approval of the Association. The Association has failed to cite any authority holding that a similar restraint on alienation is reasonable. Thus, as to the trial court's ruling, as a matter of law, that this provision of Article X was void, the Association has failed to demonstrate error.
As to the second provision of Article X declared void by the trial court, Inglehart v. Phillips, 383 So.2d 610 (Fla. 1980); and Brine v. Fertitta, 537 So.2d 113 (Fla. 2d DCA 1988) support the trial court's ruling that this provision was void as a matter of law. In pertinent part, this provision includes the following:
All grantees of conveyances to lots ... expressly stipulate and agree ... that in the event proceedings are instituted to foreclose any mortgage on property conveyed in Camino Gardens, ... the Declarer ... shall have the right to redeem from the mortgagee for the amount due thereon or to purchase said property at the foreclosure sale for the amount set forth to be due to the mortgagee in the foreclosure proceedings; and should the mortgagor fail to redeem from such mortgage and, in case of such redemption by the Declarer, the Declarer, ... shall take and have absolute fee simple title to the property redeemed... .
This provision allows the Association to purchase property in foreclosure by paying the amount due thereon, rather than the fair market value of the property. In Inglehart the court was called upon to determine whether a repurchase option which provided the grantor with the right to purchase the property from the grantee for an amount equal to the amount paid by the grantee plus the cost of all permanent improvements, was a reasonable restraint on alienation. Inglehart, 383 So.2d at 611, 615. The court noted that "[a]lthough the law is clear that a repurchase option at market or appraised value for unlimited duration is not an unreasonable restraint, the situation changes substantially when the price is fixed in the option. It is the generally accepted rule that a fixed price repurchase option of unlimited duration, independent of the lease, is an unreasonable restraint." Id. at 615. The court noted further that while "a right of first refusal is reasonable if based on market price or appraised value, such an option is unreasonable if based on a fixed price." Id. at 616.
Unlike the repurchase option in Inglehart, Article X's repurchase option comes into play only in the event proceedings are instituted to foreclose a mortgage. Nonetheless, this provision allows the Association, when foreclosure proceedings are instituted, to purchase the property for the *642 amount due on the mortgage, rather than the fair market value of the property or the appraised value of the property. This provision reduces the incentive of mortgage lenders to finance the purchase of this property because the lender will bear the burden of providing funds and bear the risk of potential devaluation, while the Association receives all the benefits of any appreciation in the property's value. In essence, this repurchase option amounts to a right of first refusal based on a fixed price rather than the fair market value of the property. Pursuant to Inglehart, such a provision is void as a matter of law.
In Brine the court relied upon Inglehart to affirm a ruling that an option contract was void as an unreasonable restraint upon alienation. Brine, 537 So.2d at 114. The option was indefinite in duration and for a fixed price in that it was not adjustable for changes in the property, but only for inflation. Id. Brine supports our conclusion that the instant provision constitutes a fixed price option which affected the marketability of the property as well as the potential for improvement on the property, and thus was properly declared void.
As to the third provision of Article X, because the trial court declared the provision regarding purchase rights to be void, the court properly concluded that the declaration could not require the mortgagee to give any notice to the Association and its members before accepting a deed in lieu of foreclosure.
The final judgment in favor of appellees is affirmed.
HERSEY, J., and DOWNEY, JAMES C., Senior Judge, concur.
NOTES
[1] The declarations provide:

ARTICLE X. OWNERSHIP
No lot, nor any part thereof, in Camino Gardens, Section 1, shall be sold, conveyed or leased to anyone other than a member in good standing of CAMINO GARDENS ASSOCIATION, INC. Declarer agrees to make this a condition to all conveyances made in Camino Gardens, Section 1, so as to provide that the subdivision will be occupied by congenial persons and to insure proper and beneficial development of Declarer's land. The bylaws, rules and regulations from time to time promulgated by CAMINO GARDENS ASSOCIATION, INC., shall be binding upon its members as if set forth therein. All grantees of conveyances to lots in the above described subdivision expressly stipulate and agree for themselves and their heirs, executors, administrators, legal representatives and assigns that in the event proceedings are instituted to foreclose any mortgage on property conveyed in Camino Gardens, Section 1, the Declarer and its successors and assigns shall have the right to redeem from the mortgagee for the amount due thereon or to purchase said property at the foreclosure sale for the amount set forth to be due to the mortgagee in the foreclosure proceedings; and should the mortgagor fail to redeem from such mortgage and, in case of such redemption by the Declarer, the Declarer, its successors and assigns so redeeming, shall take and have absolute fee simple title to the property redeemed, free from any claim or right of any grantee, his heirs, or assigns, or the mortgagor, and every person or concern claiming by, through or under him or it. Nothing herein contained in these reservations and restrictive covenants shall preclude a mortgage institution, banker, savings and loan association or an insurance company, or any other recognized lending institution from owning a mortgage on any lot or property situate in Camino Gardens, Section 1, and such mortgage institution, banker, savings and loan association, insurance company or other recognized lending institution shall have an unrestricted absolute right to take title to the property in settlement and satisfaction of said mortgage or to foreclosure the mortgage in accordance with the terms thereof, and the laws of the State of Florida and to bid upon said property at the foreclosure sale, provided said mortgage institution, banker, savings and loan association, insurance company or other recognized lending institution owning said mortgage shall give to Declarer, its successor or assigns, written notice by certified mail of the said default at least thirty (30) days prior to the institution of foreclosure proceedings, and should the said Declarer, its successors or assigns, or the CAMINO GARDENS ASSOCIATION, INC., or any member thereof, individually or collectively, fail to purchase said mortgage together with any costs incident thereto from such mortgage or shall fail to redeem said mortgage, then and in that event, the mortgagee taking title on said foreclosure sale or taking title in lieu of foreclosure sale, may acquire said property and occupy the same and sell and resell the same without complying with the restriction limiting the ownership of said property to members of the CAMINO GARDENS ASSOCIATION, INC. Any deed or conveyance, directly or indirectly, or any will or judicial proceedings in violation of this covenant, restriction or limitation shall be void and of no effect. No lot or any part thereof or any portion of the property shown on the plat of Camino Gardens, Section 1, shall be leased, used or occupied by anyone other than a member of the CAMINO GARDENS ASSOCIATION, INC., and their immediate family. The provisions of this covenant shall not apply to bona fide domestic servants domiciled upon the premises where they are employed.
[2] The Association's bylaws provide in pertinent part:

ARTICLE II. MEMBERSHIP
The qualifications and types of membership shall be as follows:
1... . Regular members shall be limited to owners in fee simple of Real Estate in [Camino Gardens]... . When any regular member ceases to be the owner of the fee simple of real estate within [Camino Gardens], the membership of such member shall thereupon terminate.
... .
6. To be qualified for regular membership in [The Association], applicants must be of good moral character and must establish that they are of sufficient financial responsibility to maintain a house and property of the character to be purchased, and shall not have been convicted of a felony involving moral turpitude. An application form must be filled completely and a refusal to furnish material information requested may result in a rejection of the application. The Board of Directors may, from time to time, change or require additional information relating to an applicant's qualification. In no event shall an applicant be rejected because of race, creed, color or national origin ...
... .
8. Membership in [the Association] shall be granted when a written application is approved. However, if the owner of the property up for sale or lease is not a member in good standing in [the Association], the title company and the buyer will be so advised. The Board of Directors from time to time in its discretion may establish a membership committee to make such investigation or review of the application as may be desired and directed by the Board of directors. The Board of Directors may or may not, in its discretion, make public the membership of the membership committee. The desire of the Board of directors, acting upon any application, shall be final and shall not be subject to review in any forum. If an application is not approved, the fact of such disapproval shall not be disclosed by the Board of Directors to anyone other than the applicant and such additional persons as may be parties to the contracts providing for purchase of real property in [Camino Gardens], which would include by way of illustration and not by way of limitation, real estate brokers or salesmen. The Secretary of [the Association] shall notify the applicant of the rejection of the application in writing within forty-five (45) days of the date of filing of the application, except at its discretion, the Board of Directors may extend the time of such notification for additional investigation or review.